No. 10,238..

THE WESTERN ACCEPTANCE COMPANY, ET AL. *v.* THE SIM-
MONS COMPANY, ET AL.

Decided January 13, 1922.

Petition of interveners for dissolution of receivership. Petition granted.

*Affirmed.*

*On Application for Supersedeas.*

1. PLEADING—*Causes of Action—Separation.* Record reviewed and held, that a motion to separately state alleged different causes

of action in a petition in intervention for the dissolution of a receivership, was properly overruled.

2.  RECEIVERS—*Appointment—Discretionary.* Whether a receiver will or will not be appointed, is a question which ordinarily rests in the sound discretion of the court, and the exercise of that discretion will not be interfered with save in a clear case of abuse.

3.  *Appointment—Waiver by Defendant—Interveners.* While a defendant may waive certain requirements for the appointment of a receiver, such waiver does not bind an intervener in the action.

4.  *Collusion in Appointment—Discharge.* Where subsequent to the appointment of a receiver, it was made to appear to the court that the receivership was procured by collusion between the debtor, which was solvent, and one of its creditors, for the purpose of enabling the debtor to continue its business under the same management, without being disturbed by its other creditors, the receivership was properly dissolved. ·

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. LEWIS & GRANT, Mr. ALBERT G. CRAIG, Mr. W. W. WALLACE, Mr. HENRY E. MAY, for plaintiffs in error.

Mr. GEORGE E. TRALLES, Messrs. HINDRY, FRIEDMAN & BREWSTER, Mr. ROBERT COLLIER, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS action was begun below by plaintiff in error, The Western Acceptance Company, (hereinafter referred to as plaintiff) against plaintiff in error, The Ward Auction Company, (hereinafter referred to as defendant), and the defendants in error, (hereinafter referred to as interveners) intervened.

The complaint alleges that defendant is indebted in the sum of $20,000, of which sum $5250 is owing plaintiff, and $750 thereof, plus $212.63 interest, is due and unpaid; that defendant cannot meet his obligations "and is in

imminent danger of insolvency;" that if a receiver is not appointed a multiplicity of suits will result and large amounts of unnecessary costs be incurred; which results can only be avoided by the intervention of equity. The prayer is for an ascertainment of the rights of creditors, the continuance of the business, the court's administration of defendant's property and funds, the appointment of a receiver to prevent the threatened suits, an injunction to restrain defendant from exercising further control over its property and business and other creditors from prosecuting their claims, and for costs.

The complaint was filed on September 29, 1921. Defendant answered the same day admitting everything, waiving everything, and consenting to the receivership. This answer was verified by John H. Martin, president of defendant company. On the same day said Martin was appointed receiver with all the power and authority asked for in the complaint, and on the following day he took his oath and entered upon the discharge of his duties. On October 27, 1921, by leave of court, the petition in intervention was filed. This petition sets forth that the interveners are creditors of the defendant company in the total sum of approximately $10,000; that about eighteen months prior to the commencement of this action said Martin purchased substantially the whole capital stock of the defendant company, then, and long prior thereto, a prosperous and successful concern; that he has since remained, and now is, in full control of the business; that he has so mismanaged the same that it has become practically insolvent; that the appointment of the receiver was the result of collusion between plaintiff and defendant and in fraud of, and in violation of the rights of, other creditors whose claims are long past due and unpaid, and to prevent the collection of said claims. The petition likewise alleges want of facts in the complaint to constitute a cause of action, want of facts to support the receivership, and want of facts to support this injunction. The prayer is for a dissolution of the receivership, or, if that can-

not be had, for. the discharge of the said Martin and the appointment of some other person, for general relief, and for costs.

A motion to separately state causes of action set out in the petition in intervention, and a demurrer to the petition for want of facts "in so far as the same relates to a pretended cause of action for the vacation of the receivership proceedings," were overruled. Thereafter, and on the 25th day of November, 1921, on interveners' petition, the receiver was discharged and the receivership proceedings dissolved.

A few days prior to the discharge of the receiver, the filing of an inventory and a report by the receiver of his action thus far, developed that defendant had assets exceeding its liabilities and that during the time it had been in the receiver's hands it had paid approximately $1200 in miscellaneous expenses and made a profit of approximately $1000.

On the day of the discharge of the receiver plaintiff and defendant filed a joint reply to the petition in intervention. This reply disputes an item of some $15.00 in the claim of one of the interveners, asserts that the change in the prosperous condition of defendant's business did not occur until May 30, 1921, alleges that the said John H. Martin purchased his stock February 2, 1918, alleges that the condition of the company as set out in the complaint is due to general business conditions instead of mismanagement. The remainder of this reply consists of admissions, and minor denials of no moment.

From the judgment discharging the receiver and dissolving the receivership plaintiff and defendant join in suing out this writ. Three alleged errors are assigned: 1. The order of the trial court overruling the motion to separately state causes of action in the petition in intervention; 2. The order overruling the demurrer to said petition as relating to the receivership; 3. The final order discharging the receiver and vacating the proceedings.

BURKE, J., after stating the facts as above.

1.  Two causes of action were not joined in the petition in intervention.  The cause alleged was a cause for the vacation of the receivership proceedings.  It could not be set out without showing, as an inseparable part thereof, the exceeding impropriety of the appointment of the particular receiver designated by the court.  The prayer, it is true, asked a discharge of this receiver should the proceedings be not dissolved.  Such a commingling was unavoidable.  The motion to separately state was properly overruled.

2.  If the final judgment of the court was correct the demurrer should have been overruled, hence every question properly arising under the second assignment may be considered under the third.

3.  It is urged that the insolvency which will justify the appointment of a receiver for a corporation is not equivalent to bankruptcy, but may be defined as "an inability to meet obligations as they mature in the due course of business," and that such a condition was here shown.  We assume, without deciding, the correctness of this proposition.

It is further urged that the objection that plaintiff was a simple contract creditor who had obtained no judgment on which execution had been issued and returned unsatisfied could be, and was, waived by defendant.  The defendant could bind himself but not the interveners by that waiver.

Whether a receiver will, or will not, be appointed is a question which ordinarily rests in the sound discretion of the court and the exercise of that discretion will not be interfered with save in a clear case of abuse.  34 Cyc. 19.

Nominally the action here sought to be reviewed is the judgment dissolving a receivership, but the discharge was upon the ground that the original showing was insufficient; that other remedies had not been exhausted; that the rights of other creditors had been invaded; in short that the appointment was unjustified and erroneous.  The

trial court, having inadvertently abused its discretion in the first instance, made haste to undo the wrong. The matter is therefore to be considered here as though the trial court had declined to entertain the petition and that action were now under review on an allegation of abuse of discretion.

To uphold this position our attention is called to *Dickerman v. Northern Trust Co.,* 176 U. S. 181, 20 Sup. Ct. 311, 44 L. Ed. 423, as a case "exactly parallel to the instant one." The case is so dissimilar as to be no aid. Practically all of the authorities cited in support of the contentions of plaintiffs in error are authorities which uphold the action of trial courts in the appointment of receivers. That they justify the exercise of a chancellor's discretion does not imply that they are sufficient for its overthrow. The distinction is too obvious to require comment.

We do not think such a case as the one before us can be found in the books. Disregarding trivial and immaterial details, and stripping it of its flimsy drapery, it stands forth thus:    John H. Martin, (The Ward Auction Company), having assets considerably in excess of his liabilities and in possession of a going business capable of maintaining him and returning a profit of $1000 per month, is threatened with suits by numerous creditors. He arranges with the principal one of them (but a small fraction of whose demand is due and no part of which has been reduced to judgment, who has no lien upon his debtor's property and no claim to the possession thereof, who makes no pretension that the debtor's possession is wrongful or that the property, or any part thereof, constitutes a special fund to which he is entitled to resort for satisfaction) to bring a simple action in equity and have himself appointed receiver for himself at a comfortable salary, with authority to continue the business as theretofore and thus enable him to nestle down under the protecting wing of the court and let his other creditors whistle. Further comment is superfluous. The trial court correctly held the original appointment erroneous.

It properly exercised its discretion in promptly correcting that error.

The *supersedeas* is denied and the judgment affirmed.

Mr. Justice Teller sitting as Chief Justice.

Mr. Chief Justice Scott and Mr. Justice Bailey not participating.