No. 11,542.

BOYD *v.* BROWN, ET AL.

Decided June 7, 1926.

On motion to discharge a receiver. Motion denied.

*Affirmed.*

*On Application for supersedeas.*

1.  APPEAL AND ERROR—*Receivers.* Under the provisions of Supreme Court rule 18, an order appointing or overruling a motion to discharge a receiver may be reviewed on writ of error before final judgment.

2.  RECEIVERS—*Equity—Legal Remedy.* Where there is fraud in the taking possession of partnership property, a court of equity may take jurisdiction and appoint a receiver, notwithstanding there is a remedy at law in replevin.

3.  *Appointment—Interested Party.* The appointment of an interested party as receiver is not unlawful.

4.  *Appointment ex Parte.* Where the trial court after full hearing and before the case was taken to the Supreme Court for review, continued a receivership, the objection that the appointment of the receiver was ex parte, is overruled.

5.  *Parties—Mortgagee.* A mortgagee of property belonging to a quasi partnership may not object to the appointment of a receiver for the partnership, nor to any ruling with reference to his discharge.

6.  *Parties—Mortgagee.* A mortgagee of property belonging to a quasi partnership while probably entitled to possession as against a receiver appointed after he had lawfully acquired possession, may not retain the property where his mortgage and possession are fraudulent, as against a receiver appointed to take charge of the affairs of the mortgagor.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD
G. KING, for plaintiff in error.

Mr. J. CLAUDE YOUDAN, Mr. D. A. MALONEY, Mr. L. E.
KENWORTHY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the
court.

THIS was an action by Brown and the E. J. Brown
Garage and Transfer Company, which was no more
than Brown's trade name, against the United Haul-
age & Excavating Company and plaintiff in error
Boyd, et al. It was brought to obtain a receiver for a
joint venture, a quasi partnership, between said Haul-
age Company and Brown, whereby thirty trucks had
been purchased from the factory at Grand Rapids, Michi-
gan, to be used on hauling contracts in Denver, princi-
pally a certain contract with the Western Paving &
Construction Company. The action sought authority for
the receiver to take the trucks from the possession of
Boyd, mortgagee thereof, for an accounting, for the
dissolution of said joint venture, for cancellation of two
certain mortgages from the Haulage Company to Boyd
on said trucks, for a temporary injunction restraining
the foreclosure of said mortgages, and for general re-
lief.

The court issued a restraining order and appointed
Brown himself receiver with authority to demand and
receive the trucks from Boyd, which he did; and there-
upon he put them to work on the contract aforesaid.
There were motions to vacate the restraining order and
to discharge the receiver which were denied after so
full a hearing that the record covers about 900 folios,
whereupon the restraining order was continued as a

temporary injunction and the receivership was continued. Upon this record the defendant Boyd brings error.

There has been no final judgment but under rule 18 "an order appointing  *  *  *  or overruling a motion to discharge a receiver may be reviewed on error before final judgment  *  *  *  ." We may, then, review the appointment of the receiver, but we can review nothing else until and unless the case is brought here after final judgment.

It is objected that there was a remedy at law, viz., replevin, but the bill charged fraud and other matters of equitable cognizance, and if that was true, and the court has found it was, there was equity in the bill, and equity, having taken hold, might use the ordinary means of equity to accomplish its purposes. A receivership is one of those means.

Plaintiff in error complains that Brown, an interested party, was made receiver. That was unusual but not unlawful, and the record shows facts which might have moved the court to that action.

It is objected that the appointment of the receiver was ex parte, but upon great reason that is sometimes done, and, at all events, before the case came here, the court after full hearing has continued the receivership, so there is nothing ex parte about it now.

Were there grounds for the receivership? From the terms of the order of appointment it is clear that the receivership is of the joint adventure or quasi partnership of Brown and the Haulage Company. Boyd has no interest in that concern, he is a mortgagee of its property; he is, therefore, in no position to object to the appointment of a receiver of the joint venture or to any ruling with reference to his discharge.

As mortgagee he was probably entitled to possession as against a receiver appointed after he had taken possession, as his counsel claims, but the court has found his mortgage and possession fraudulent. Can it be

doubted that the court may take possession under such a state of facts? No. 34 Cyc. 204 and 212. This, however, does not go to the question of the rightfulness of the appointment of the receiver, but to the rightfulness of the order that he may take possession of the trucks, and so is not now before us, but it follows from what we have said that even if the receiver be regarded as the receiver of the mere trucks, we cannot say that his appointment was erroneous although in such case Boyd would, of course, be in a position to object to the appointment. The order appointing the receiver and the order overruling the motion to discharge him are affirmed.

On application for supersedeas; supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.