## No. 11,743.

### BOYD v. BROWN.

Decided April 23, 1928.

Injunction proceeding.   Decree for plaintiff.

*Reversed.*

1.   PLEADING—*Complaint—Sufficiency.*   In an action for injunction to restrain foreclosure of chattel mortgages, the objection that the complaint was insufficient because it did not allege that defendant, at the time he took his mortgages had notice of prior ones, overruled, as the complaint was not based on any right in the plaintiff as mortgagee.

2.   EVIDENCE—*Injunction—Testimony on Preliminary Hearing.* · In an action for injunction, bill of exceptions containing evidence introduced at the hearing for the temporary order, was not admissible in evidence over objection, without proof of the unavailability of the witnesses.

3.   INJUNCTION—*Evidence.*   On the trial of an injunction case, unless the parties agree that the evidence taken at the hearing for the temporary order may be considered by the court in the main case, the testimony must be taken anew.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for plaintiff in error.

Mr. J. CLAUDE YOUDAN, Mr. D. A. MALONEY, Mr. L. E. KENWORTHY, for defendants in error.

*En Banc.*

MR. JUSTICE WALKER delivered the opinion of the court.

THIS case was here formerly upon a review of an order appointing a receiver.   See *Boyd v. Brown,* 79 Colo. 568,

247 Pac. 181, where the nature of the action and of the relief sought is stated. Upon the final hearing in the trial court, plaintiff below, Brown, who is defendant in error here, prevailed, and to the decree in his favor, granting him the full relief prayed, this writ of error is prosecuted.

Of the several assignments of error now urged, we find it necessary to consider only two, namely, that the complaint does not state facts sufficient to constitute a cause of action, and that the court had no right to consider the evidence upon which the final decree was based.

1. The substance of the complaint, so far as material to the objection now made to it, is that the defendant had taken possession of certain trucks which belonged to the plaintiff and others, as members of a joint adventure, and which, when seized by defendant, were being used in the joint enterprise and were essential to its prosecution; that the mortgages, under which defendant took possession, were executed without the knowledge or consent of plaintiff, not for any purpose of the joint adventure, and by only one of the associates in whose name the nominal title of the trucks stood, for the sole purpose of convenience in the procuring of licenses; and that the defendant, who, it is charged, knew that the money, if any, advanced by him in consideration of the mortgages, was not to be used for any purpose of the joint adventure, fraudulently conspired with plaintiff's associates, to deprive plaintiff of his right in the trucks, by means of the mortgages so fraudulently taken. The complaint also alleged the execution of mortgages by plaintiff and Larson, one of the associates, to secure the purchase price of the trucks, in the sum of $70,000. These mortgages were made to The E. J. Brown Garage & Transfer Company, which is named as a plaintiff, but which in fact was only a trade name used by plaintiff. These mortgages, it appeared from the complaint, were, immediately upon their execution, transferred to a third party who was finance agent of the factory from which

the trucks were purchased. The purchase money mortgages were recorded several weeks prior to the making of the mortgages to the defendant, but were not acknowledged as required by law. Defendant says the complaint is insufficient because it does not allege that the defendant, at the time he took his mortgages, had notice of the prior ones. This objection is not good because the complaint is not based upon any right in the plaintiff as prior mortgagee. The complaint shows that plaintiff was mortgagor, and that other parties were the holders of the mortgages. The rights of the plaintiff upon which the complaint rests are those resulting from his being associated in the joint venture.

2. After the making of the receivership and injunctive orders referred to in the opinion in *Boyd v. Brown, supra,* the defendant Boyd filed his answer to the complaint, to which the plaintiff filed his replication. When the cause came on for trial, April 6, 1926, the plaintiff produced the bill of exceptions, then a part of the records of the Supreme Court, containing the testimony given orally at the hearing of the receivership and temporary injunction applications. This testimony was by witnesses called by plaintiff only. Upon the production of the bill of exceptions, the trial judge, who had also presided at the interlocutory hearing, ruled that he would consider the testimony given at the former hearing as being before him for the purposes of the final hearing, and that the bill of exceptions would be received to assist the court in its recollection of such testimony. To this ruling the defendant made timely objection. The defendant then moved the court to require the plaintiff to produce the witnesses whose testimony was contained in the bill of exceptions, for further cross-examination, but this the court refused to do, but ruled that defendant might recall them under his own process and as his own witnesses. Thereupon plaintiff rested his case "upon the record as it now stands," to use his counsel's expression. The defendant also rested, and findings, both general and

special, were then entered by the court, based upon the testimony given at the first hearing.

It is manifest from the proceedings that the bill of exceptions was neither offered nor received as evidence, and it could not have been admissible as such without proof of the unavailability of the witnesses. *Rico Reduction & M. Co. v. Musgrave,* 14 Colo. 79, 23 Pac. 458. Yet the trial judge determined the cause upon the testimony previously given at the preliminary hearing. This he did without the consent of the defendant and over his objection. No authority for this procedure has been cited by defendant in error, and we have been able to find none. On the contrary, the following authorities indicate that the procedure was wrong: 32 C. J. 362; 10 Encyc. Pl. & Prac. 1095; 13 Stand. Encyc. Proc. 174; *Bressler v. McCune,* 56 Ill. 475; *State v. Brown,* 64 Md. 199, 1 Atl. 54, 6 Atl. 172.

The evidence taken upon the interlocutory application had served its purpose. That it had been preserved in a bill of exceptions for the purposes of a review did not authorize the trial court to treat it as before it upon the trial of the cause. Under our code practice, evidence in equity cases being ordinarily taken by oral examination before the court, when a cause, in which applications for provisional remedies have been heard, comes on for trial and for final decree, the requirement for the introduction of evidence to sustain disputed allegations is the same as in the trial of other cases. Unless the parties consent to another course, the testimony must be taken anew. An exception to this is provided for in section 170, Civil Code, 1921, but this exception relates only to depositions, and is not applicable to the situation here presented.

For the error of the trial court above pointed out, the judgment is reversed and the cause is remanded for new trial.

Mr. Justice Campbell not participating.