## No. 14,634.

MELVILLE ET AL., AS TRUSTEES *v.* WEYBREW ET AL.

(103 P. [2d] 7)

Decided April 8, 1940.   Rehearing denied June 3, 1940.

122

Mr. HAROLD G. KING, Mr. I. B. MELVILLE, for plaintiffs in error.

Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. N. A. HUTCHINSON, Mr. LOUIS O. KELSO, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

REFERENCE will be made to the parties herein as they appeared in the trial court where defendants in error were plaintiffs and plaintiffs in error were defendants. On February 16, 1939, plaintiffs, alleging themselves to be holders of certificates of beneficial interests in the defendant District Landowners Trust, filed a complaint seeking the dissolution of the trust and the distribution of its assets to the beneficiaries. The complaint alleged that the trust was created by a written declaration on April 12, 1924, for a term of five years, for the purpose of completing an irrigation system and furnishing waters to lands, including those owned by plaintiffs, within what is known as the East Denver Municipal Irrigation District, now said to be dormant, but that said trust has failed to secure such water rights or construct such irrigation system, and will be unable to do so in the future, as a result of which the entire purpose of the trust has failed and there is no longer need to continue its existence. For a more detailed description of the trust, its history, character and purpose, reference may be had to the opinion in *Landowners Trust v. Doherty,* 94 Colo. 385, 30 P. (2d) 319. In addition the complaint charged the trust and other defendants, individually and as trustees, with numerous specific ultra vires acts and the misapplication and conversion of funds, upon which basis an accounting was sought. As ancillary to the principal action plaintiffs, on July 11, 1939, filed a petition for the appointment of a receiver pendente lite. This petition substantially reiterated the allegations of the complaint, alleged the insolvency of

the trust, the lack of a plain, speedy and adequate remedy at law, and charged that unless a receiver was appointed the trustees would dissipate the assets of the trust in its continued operation to the imminent and irreparable injury of plaintiffs and other certificate holders. By answer to the petition for the receivership, defendants admitted the existence of the trust, the fact that the trustees named were such, but denied the other allegations of the petition and interposed five additional special defenses, to wit: 1. That, generally, upon the basis of allegations which approximate specific affirmative statements of defendants' denials and parts of other defenses, the court was without legal authority to appoint a receiver; 2. that by reason of the terms of the declaration of trust plaintiffs were precluded from bringing the principal action; 3. that the plaintiffs were not the real parties in interest in the action; 4. the appointment of a receiver would be in aid of the alleged unlawful and subversive purpose of one Fulenwider and a corporation said to be owned and operated by him and thus contrary to justice and equity; 5. specially denied the insolvency of the trust and affirmatively alleged matters designed to so disclose. After a hearing on the petition for appointment of a receiver lasting several days, the trial court granted the petition, to review which action defendants bring the case here under our Rule 18. Both parties request a decision upon the application for supersedeas.

The only question before us in this proceeding is whether the district court had jurisdiction of the subject matter of the principal action, and, if having jurisdiction, it exceeded its authority in appointing a receiver. *People ex rel. v. District Court,* 33 Colo. 293, 80 Pac. 908. The original constitutional jurisdiction of the district court in the fields of equity is not questioned. The jurisdiction over trusts, expressed or implied, being always within the domain of a court of equity, such court has power to terminate a trust and

have the property distributed where the trust is impossible of fulfillment. 65 C. J. 354. Also it is well established that a court of equity has inherent power to displace trustees by substituting a receiver whenever the case is brought within the general equitable principles concerning the appointment of receivers. Tardy's Smith on Receivers (2d ed.) vol. 1, p. 287, §70; 65 C. J., p. 634, §486. The general rules relating to receiverships in Colorado appear as chapter IX of the Code of Civil Procedure. A receiver may be appointed for a trust, where an action is pending, to determine the distributive shares of the beneficiaries. Tardy's Smith on Receivers, supra, p. 291, citing *Carson v. Combe,* 86 Fed. 202, 29 C. C. A. 660. On a preliminary hearing for the appointment of a receiver the questions which should be determined are whether it is probable that on the final hearing the allegations of the complaint will be made good by competent proof, and whether the character and situation of the property are such that it ought to be taken into judicial custody pendente lite for the purpose of preserving the rights of all parties. *Kelley v. Boettcher,* 89 Fed. 125. Whether a receiver will or will not be appointed upon such hearing is a matter which ordinarily rests in the sound discretion of the trial court and there will be no interference with the exercise of that discretion by an appellate court, save in a clear case of abuse. *Western Acceptance Co. v. Simmons Co.,* 71 Colo. 127, 203 Pac. 1096; *French v. Jarvis,* 79 Colo. 571, 246 Pac. 1032.

After an intensive study of the voluminous transcript of the evidence introduced at the receivership hearing, we do not believe we would be justified in saying that the trial court abused its discretion in making the appointment. Notwithstanding counsel on both sides have briefed and argued the proceeding in much the same manner as if the principal case was here upon review from a final judgment in favor of plaintiffs, obviously we cannot consider the matter upon that basis

(*Boyd v. Brown,* 79 Colo. 568, 247 Pac. 181), and for such reason, as well as the apprehension that such course might tend to complicate the ultimate determination of the issues in the principal action, we refrain from the recital of, or critical comment on, the evidence. Also, since in receivership matters each decision depends so much on the peculiar features of the case in which it is rendered, such decisions are of little, if any, value as precedents in new cases, and we are of the opinion that a further review of the numerous authorities cited by the parties would not be helpful in the disposition of future controversies. We may say, however, that as we perceive the case of *People v. District Court, supra,* upon which defendants strongly rely, it has no controlling effect here, even if analogy between a corporation and a trust be assumed, the propriety of which we do not now consider. There, partly upon the basis of statutory enactments relating to the dissolution of corporations, it was held to be improper, in an action against a going, solvent, private business corporation, instituted by a stockholder, who was not the company's creditor, to appoint a receiver for the purpose of working a dissolution of the company solely because of mismanagement, fraud and ultra vires acts of the controlling directors. In the proceeding before us, in addition to such matters, the complaint alleged the *liability of the trust itself* and sought *its* termination because of the alleged impossibility of the accomplishment of its purpose.

██ Where certain beneficiaries of a trust allege they have an equitable right in, and claim to, the subject matter, as plaintiffs here assert, and as the proof prima facie indicates, they have the right to maintain the action and ask ancillary equitable relief without the joinder of other beneficiaries under the trust. *Conroy v. Cover,* 80 Colo. 434, 252 Pac. 883. Thus the deficiency of parties suggested by several of the special defenses to the receivership application would not be available

as such therein. If in the course of the principal litigation it should become necessary to bring essential parties into the proceedings, methods are provided by our laws whereby this result could be accomplished.

■ We do not believe the provision in the eighth paragraph of the declaration of trust to the effect that the holder of a certificate of beneficial interest shall not have a right "to call for a partition or division of any account thereof in the courts, or to any right to institute a court proceeding of any nature whatsoever, *except, at the expiration of the term of this trust,* * * *," bars the plaintiffs from prosecuting either the principal or ancillary proceeding before us. It may be questioned, whether the restrictive provision quoted continued beyond the original five-year term fixed by the declaration of trust, but in any event, especially after the expiration of such period, it would seem certain that a beneficiary is not thereby precluded from asserting in court that the trust *has expired* and securing a judicial determination of this question. Obviously, if it is determined that the trust has not terminated, the restriction would be operative to the extent therein provided.

■ Defendants further assert that plaintiffs have an adequate remedy for many of the matters of which complaint is made, particularly the alleged ultra vires acts, through injunctive relief, as a consequence of which they say a receiver should not be appointed. We are of the opinion that if the allegations of the receivership petition are true, as the trial court considered, that the suggested injunctive relief would not constitute a complete, adequate and effectual remedy to plaintiffs. In such case a receiver properly may be appointed. 53 C. J., p. 26, §10. In this connection see *Boyd v. Brown, supra.*

■ In view of the strained relations of long duration existing between defendants, plaintiffs and other landowners in the area which the trust was designed to develop, the defendants apparently have the con-

**128**

viction, and so strenuously argue, that the appointment of a receiver solely will promote the interests of the plaintiffs, and other landowners not parties to the proceedings, to the jeopardy of the defendants and thus result in greater injury than is sought to be averted. The action of the trial court would indicate that it was satisfied that such apprehension was unfounded. It must be assumed that the receiver will proceed fairly and impartially in his official capacity for the protection of the trust and all parties in interest. In this connection we recommend, as we presume would follow in any event, that the trial court, as expeditiously as possible, proceed to a final determination of the issues in the principal cause.

The judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK, MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE dissent.