No. 20897.

Lou Phillips *v.* Florence E. Webster, Receiver of the Lands and Tenements of Helen J. Shockley, Florence E. Webster and Gerald S. Webster.
(426 P.2d 774)

Decided April 10, 1967. Opinion modified and as modified adhered to and petitions for rehearing denied May 15, 1967.

315

316

RAYMOND DUITCH, for plaintiff in error.

TULLIS and CRAIG, for defendants in error.

*En Banc.*

Opinion by SCHAUER, R.A.J.*

THE parties appear in the same order of their appearance in the trial court and the facts are not disputed.

The subject property consists of a thirteen-unit motel in the Colorado Springs area. Phillips had purchased the property on October 1, 1962, and was still the record owner. A predecessor in title, one Helen J. Shockley, had, on April 21, 1959, executed her deed of trust on the property to secure the payment of her promissory note of the same date, payable to Gerald S. Webster and Florence E. Webster for the principal sum of $105,766.92, bearing interest at five per cent per annum.

Phillips was in default in the payment of the installment due in December 1962. On January 23, 1963, the mortgagees filed Notice of Election and Demand for Sale with the Public Trustee, and two days later filed in the trial court their application for the appointment of

_____

*Retired associate Justice of the Supreme Court, sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

Florence E. Webster as receiver. After hearing, the court ruled that a receiver should be appointed.

On January 30, 1963, Phillips and Mrs. Webster entered into a written agreement providing that Phillips continue operating the motel and using certain personal property consisting of linens, television sets, a coca-cola machine and furnishings for twelve units of the motel in such operation. The agreement further provided that Phillips should use the personal property, which was to be inventoried, until noon on February 13, 1963, as agent for the receiver. Thereafter, the receiver should continue to use the personal property, giving the same reasonable care and replacing any items lost, and pay the delinquent installments on ten television sets and the coca-cola machine. The court approved the agreement and appointed Florence E. Webster as receiver.

Phillips operated the business pursuant to agreement, as agent for the receiver, from January 29 to February 13, 1963, and thereafter Mrs. Webster served as receiver through August 26, 1963, the expiration date of the statutory period of redemption after the Public Trustee's sale and the issuance to the Websters of a Certificate of Purchase. Public Trustee's deed issued to the Websters on the latter date.

The Websters had bid in the property for the full amount of their indebtedness, including principal, interest and attorney fees, amounting in all to $95,372.11.

On May 1, 1963, Phillips filed a motion for the dismissal of the receivership. During the hearing on this motion, which extended over several days, the receiver filed an interim report of her receipts and expenditures and later filed a final report. Extensive testimony was offered as to the items shown by the report and the acts and doings of Mrs. Webster as receiver. The report was approved by the court.

From the record, we find the three issues to be determined as follows:

1. Were there statutory grounds to warrant receiver-

ship, and was there any impropriety in the appointment?

2. The propriety of the order approving the receiver's final report.

3. The proper disposition to be made of the net profits of the receivership.

We will discuss these questions in the order presented. The deed of trust provided:

*"That in case of any default in the payment of any of the installments hereby secured* or in the performance of any obligation herein contained, the Beneficiary or the holder of a Certificate of Purchase, *shall at once become entitled to the possession,* use and enjoyment of the property aforesaid and *to the appointment of a Receiver for said property* and of the rents, issues and profits thereof and shall be entitled thereto as a *matter of right* without regard to the solvency or insolvency of the grantor or the then owner of said property and without regard to the value thereof or the adequacy of any security for the debt; and such Receiver may be appointed by a Court of competent jurisdiction upon *ex parte application, and without notice* — notice being expressly waived — and all rents, issues and profits, income and revenue therefrom shall be applied by such Receiver subject to the orders and directions of the Court, to the payment of the indebtedness hereby secured." (Emphasis added.)

By the terms of the deed of trust, the grantor agreed to promptly pay all taxes and insurance premiums; to keep the buildings insured against fire; not to permit waste, impairment or deterioration of the property and to at all times keep the property and improvements in good condition and repair. It was developed at the original hearing that on February 13, 1963, when the receiver took charge, the property had not been properly maintained; extensive cleaning was required, certain practices had to be discontinued, some necessary equipment and supplies were not available, rentals and pay-

ments were in arrear and need for repair and replacement was apparent. The AAA had required the repainting of all exterior walls of the unit, the repair or replacement of the "broken down" furniture, and made other requirements as a condition to the continuance of their rating. Not only had Phillips defaulted in an installment payment but also in the performance of many of the obligations assumed by her in the deed of trust, and the mortgagees were clearly entitled to the appointment of a receiver under the terms of the instrument.

C.R.S. '53, 118-9-12, provides as follows:

"When an action or proceeding has been commenced to foreclose a mortgage, trust deed or other instrument securing an indebtedness, a receiver of the property affected, shall be appointed upon application at any time prior to the sale, if it appears that the security is clearly inadequate, or that the premises are in danger of being materially injured or reduced in value as security, by removal, destruction, *deterioration, accumulation of prior liens or otherwise,* so as to render the security inadequate." (Emphasis added.)

We must hold that the Websters were entitled to the appointment of a receiver, both under the terms of the deed of trust and under the terms of the statute. Clearly there were statutory grounds to warrant receivership and the court did not abuse its discretion or commit impropriety in making the appointment. The trial court is required to exercise sound legal discretion based upon the fact situation presented. See *Melville v. Weybrew,* 106 Colo. 121, 103 P.2d 7; *French v. Jarvis,* 79 Colo. 571, 246 Pac. 1032; *Western Acceptance Company v. Simmons Company,* 71 Colo. 127, 203 Pac. 1096.

The question regarding the approval of the receiver's final report also requires a brief consideration of the particular structure of this case.

In the order appointing the receiver, the court ordered faithful performance as receiver under the direction of

the court. At the hearing on the final report the court stated:

"It is the Court's opinion that this receivership is a continuing receivership under the original deed of trust, and if there is any question as to her purpose and extent of her powers I think this could not be defined in minute detail but is in general to operate this motel, expending only such amounts as were reasonable and necessary for the proper operation of it, renting the units at what would be a fair and reasonable market rental with the over-all purpose of producing as much profit as is possible under the terms and circumstances and market conditions. . . ."

■ The receiver testified in detail as to her acts. The receipts and expenditures were shown by her final report. It is not considered necessary to review this testimony. Suffice it to say that the court was provided with sufficient detail and the report was approved with the exception of one item of expenditure. From a careful perusal of the extensive testimony of the receiver, as well as that of Phillips, we are satisfied that the receiver was justified in conducting the motel operation as she did, and that the court was justified in approving the report, with the exception noted. Her acts were all within the duties imposed upon her by the court orders.

■ With regard to the disposition of the net profits, it is apparent that the intention of the parties, under a reasonable construction of the terms of the deed of trust, was that the proceeds of the Public Trustee's sale should first be applied to the payment of the indebtedness, and all other liens and costs, and the balance paid over to the record owner of the property. The court made no specific finding that, under the circumstances of this sale, the rents and profits of the receivership belong to the record owner. The court did, however, order disposition. Although the amount involved is not large, after the deductions allowed by the court, we approve the theory under which the case apparently was tried.

In this case the property was bid in by the mortgagees, under the terms of the deed of trust. The applicable principle, therefore, is expressed in *Plains Loan, Realty & Investment Co. v. Hood,* 76 Colo. 322, 230 Pac. 1008:

". . . Any right of the mortgagee. . . . existed only so long as the debt itself existed . . . . and when that debt was canceled. . . . all rights of the mortgagee. . . . ceased to exist. . . ."

The same principle is adopted in other cases cited in the briefs. In the instant case, the Websters bought in the property for the full amount of the indebtedness, and later obtained a Public Trustee's deed. When the debt was thus cancelled, all rights of the mortgagees to the net profits of the receivership ceased to exist.

The court had ordered that the balance in the hands of the receiver, to wit, the sum of $6976.99, be deposited in the registry fund of the court. By its final order of November 27, 1964, the trial court found:

1. That this receivership was necessary for the protection of the real property, the subject matter of the receivership, *inuring to the benefit of the record owner, and not for the benefit of the purchasers.* An item of expenditure for furniture, amounting to $395.94 was specifically disallowed, Mrs. Webster to retain this furniture as her personal property. The final report was approved and the receiver was awarded the sum of $1950 for her services; her husband was awarded the sum of $1625 for his services as an employee of the receiver; the receiver was awarded the sum of $500 as her attorney fees, these amounts to be paid from the registry fund of the court.

2. That by order of February 28, 1964, Phillips was charged her pro rata share of the real estate taxes assessed against the property during that part of the year 1963 during which she was the record owner of the property.

We find no merit in the arguments of Phillips not here discussed.

The judgment of the trial court is affirmed.

A remand is necessary only for the purpose of effecting the distribution of the funds remaining in the registry funds of the court. In accordance with the court's orders, there should be paid from this balance the following amounts:

1.  To Florence E. Webster allowance
    for reasonable value of the use of
    property enumerated in Final Re-
    port as orally amended.........$569.20
    Less property expenditures
    disapproved by the
    Trial Court ..................$395.94    $   173.26
2.  Florence E. Webster — Receiver's fee......1,950.00
3.  Florence E. Webster — Attorney fees.....   500.00
4.  Florence E. Webster—1963 taxes, realty..   438.16
5.  Gerald Webster — Services, employee....  1,625.00
6.  Lou Phillips — balance to record owner...  2,290.57

      Total ........................$6,976.99

The cause is remanded to the trial court with directions to take the necessary steps to effect the distribution of its registry funds in accordance with the above determination.

MR. JUSTICE SUTTON not participating.