Elden R. JOHNSON, Plaintiff-Appellee,

v.

McCAUGHAN, CARTER & SCHARRER, a Colorado general partnership; Ronald L. McCaughan, individually; James Carter, individually; Robert J. Scharrer, individually; Grant Street Associates Limited, a Washington limited partnership; Grant Street Associates Limited, a California limited partnership; James E. Garland, individually; Booker Investments Co., Defendants,

and

Jacaranda Associates, Limited, a California limited partnership, Defendant-Appellant.

No. 82CA1261.

Colorado Court of Appeals, Div. III.

Sept. 15, 1983.

Stephen W. Miller, Golden, for plaintiff-appellee.

Dailey, Goodwin & O'Leary, P.C., Clive A. O'Leary, Aurora, for defendant-appellant.

BABCOCK, Judge.

Jacaranda Associates, Ltd., appeals an order appointing a receiver for certain rental property in which Jacaranda allegedly has an interest. We remand with directions to vacate the order.

Elden R. Johnson filed a verified petition for appointment of receiver in the district court alleging that he held a deed of trust on rental property in Adams County secur-

ing a loan in the amount of $750,000. The petition alleged that the deed of trust was in default. The deed of trust attached as an exhibit to the petition provided for the ex parte appointment of a receiver in the event of a default.

The petition was presented ex parte to the court, which found that emergency circumstances required the appointment of a receiver. The court therefore appointed a receiver for the property. No complaint had been filed nor summons issued and served. No C.R.C.P. 120 proceeding had been commenced nor notice issued and served in accordance therewith. Jacaranda received no notice of the petition or the hearing thereon.

Jacaranda's objection to the appointment of receiver and motion for an order discharging the receiver, which alleged that the court was proceeding without jurisdiction, were denied at a subsequent hearing.

On appeal, Jacaranda contends that the trial court was without jurisdiction to appoint a receiver because no action or proceeding was filed and pending against Jacaranda at the time of the appointment. We agree.

C.R.C.P. 66(a) provides that "a receiver may be appointed by the court *in which the action is pending* at any time . . . ." (emphasis added) An action is pending after it is commenced under C.R. C.P. 3(a) by either filing a complaint with the court or by the service of a summons. And, it is the filing of the complaint or the service of summons which vests the court with jurisdiction to act. C.R.C.P. 3(b). C.R.C.P. 66 makes no provision for appointment of a receiver prior to the commencement of an action. Moreover, while § 38–39–112(1), C.R.S.1973 (1982 Repl.Vol. 16A), provides for the appointment of a receiver "[w]hen an action or *proceeding has been commenced* to foreclose a mortgage, trust deed, or other instrument securing an indebtedness . . .," (emphasis added) no "proceeding" had been "commenced" because there had been no motion filed pursuant to C.R.C.P. 120.

■ While the *ex parte* appointment of a receiver may be permissible under emergency circumstances or where notice is impractical, *see C. Wright & A. Miller, Federal Practice & Procedure* § 2983 (1971); *see also Oberto v. Moore,* 93 Colo. 93, 23 P.2d 578 (1933), a case must be pending at the time of the appointment. *Jones v. Bank of Leadville,* 10 Colo. 464, 17 P. 272 (1887); 1 *R. Clark, The Law & Practice of Receivers* § 75 at 106–107 (3d ed. 1959). In *Jones v. Bank of Leadville, supra,* the court said:

> "Hitherto it has been the universally accepted opinion that courts have no jurisdiction to appoint a receiver except in a suit pending in which the receiver is desired—unless in cases of idiots, lunatics and infants .... Our statute certainly contemplates the same thing. Its plain intent is that there shall be a controversy between two or more adverse parties moved in the court, involving some conflicting and hostile claims to property that is, at least in part, the subject-matter of the litigation. It is evident that in the mind of the legislature it was necessary to this jurisdiction that there should be some party in all these proceedings who was adverse to the defendant, and whose rights to certain property were to be protected and adjudicated. It is impossible by any process of reasoning to construe the statute so as to make it apply to any case in which an action (in the ordinary definition of the term) is not pending. *To hold that courts of equity can entertain jurisdiction to appoint a receiver of property as the substantive ground and ultimate object and purpose of the suit, on the petition of the owner of the property to be controlled and protected, would be to make them the administrators of every estate where the owners thereof were incapable or unwilling to administer them themselves."* (emphasis added)

■ And, as stated in 1 *R. Clark, The Law & Practice of Receivers, supra:*

> "An order appointing a receiver made in open court or in chambers, presupposes a pending suit.

If a receiver were appointed over property without a controversy involved and some ultimate relief asked for, the court might find itself called upon to do the ministerial act alone of caring for the property. A judicial function is to hear and determine a controversy between adverse parties, to ascertain the facts and to render a final judgment. Preserving property is only *incidental* to this primary judicial function. It therefore follows that a court of equity should not appoint a receiver where the appointment is not *auxiliary* to some form of final relief which is appropriate for equity to give." (emphasis added)

Inclusion of a provision for appointment of a receiver in a deed of trust cannot invest the court with jurisdiction it does not otherwise have. *See Clinic Masters, Inc. v. District Court,* 192 Colo. 120, 556 P.2d 473 (1976); *Sanchez v. Straight Creek Construction,* 41 Colo.App. 19, 580 P.2d 827 (1978).

Here, on the record before us, no action or proceeding had been commenced against Jacaranda. *See* C.R.C.P. 3(a); *see* C.R.C.P. 120. Hence, the trial court was without jurisdiction to appoint a receiver.

The cause is remanded with directions to vacate the order appointing the receiver.

STERNBERG, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The record in this matter shows that Johnson commenced this action in the district court of Adams County on August 26, 1982, by filing a verified petition. The petition contained a request for ex parte appointment of a receiver. The trial court granted the request finding exigent circumstances existing requiring the appointment of a receiver. On September 8, 1982, Johnson commenced his proceedings to foreclose the deed of trust with the Public Trustee of Adams County. On September 9, 1982, Ja-

caranda entered its special appearance challenging the jurisdiction of the trial court to appoint a receiver because no action was pending in that court. A forthwith hearing was held at which hearing evidence of the commencement of the foreclosure proceeding was submitted to the court. The trial court denied the challenge.

In his petition, Johnson alleged that McCaughan, Carter & Scharrer had executed an all inclusive deed of trust covering certain real estate to secure a loan in the principal amount of $750,000, and that McCaughan, Carter & Scharrer and its assigns were in multiple serious defaults under the terms of the note and deed of trust. He incorporated the note and the deed of trust into his petition by reference, and by virtue of the expressed provisions of the deed of trust and the defaults thereon, Johnson claimed that he was entitled to the immediate and ex parte appointment of a receiver. He prayed for the appointment of a receiver to take possession of the premises, and to collect the rents and profits during these proceedings pending foreclosure of the deed of trust.

The deed of trust provides that in case of default the holder of the note is entitled to immediate possession of the property and to appointment of a receiver for collection of the rents and profits. The deed of trust also provides that:

> "[S]uch Receiver may be appointed by any Court of competent jurisdiction upon ex parte application and without notice— notice being hereby expressly waived...."

### I

On appeal, Jacaranda seeks to have this court hold that the trial court is without jurisdiction to proceed with the receivership. Although an order overruling a motion to discharge a receiver is an appealable order if it relates to the exercise of jurisdiction rather than the existance of jurisdiction, C.A.R. 1(a)(4), *see McLeod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974), here, it is not a final judgment nor a challenge to the exer-

cise of jurisdiction and therefore is not within the jurisdiction of this court. *See* § 13–4–102, C.R.S.1973. *See also Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970), in which it was held that statutes creating remedies take precedence over judicial rules of procedure. Thus, this matter is not properly before the court of appeals. Jacaranda's appellate remedy, if any, is in the Supreme Court pursuant to C.A.R. 21.

### II

Because I also disagree with the reasoning of the majority as it relates to the merits of Jacaranda's appeal, I address that matter. Although Johnson might have more aptly captioned his claim for relief a complaint rather than a petition, C.R.C.P. 2 and C.R.C.P. 3, the trial court concluded that he had stated a claim upon which the relief requested could be granted. To hold that by captioning his claim a petition rather than a complaint Johnson failed to commence an action is indeed slavish adherence to form over substance. C.R.C.P. 8. *See Industrial Commission v. Riley,* 653 P.2d 723 (Colo.1982).

### III

*Phillips v. Webster,* 162 Colo. 315, 426 P.2d 774 (1967), is dispositive of Jacaranda's contention that relief under C.R.C.P. 66 cannot be granted in an action of this nature. There, the Websters were holders of a note and deed of trust with the same language found in the instruments here. They filed their notice of election and demand with the public trustee and then filed their application for appointment of a receiver with the trial court. The court held "the Websters were entitled to the appcintment of a receiver, *both under the terms of the deed of trust* and under the terms of the statute." (emphasis supplied)

Further, although the proceeding to foreclose in *Phillips* was instituted before the ex parte application for a receiver, the failure to do so is not fatal under the statute where, as here, the proceeding is commenced prior to a contested challenge

thereto. *See Boyd v. Brown,* 79 Colo. 568, 247 P. 181 (1926).

The issue of the propriety of the trial court's decision is not before us. Jacaranda, if it wishes to contest the appointment on the merits, may do so by entering a general appearance.

I would therefore either transfer this matter to the Supreme Court pursuant to § 13–4–110(1)(a), C.R.S.1973, or affirm the trial court's appointment of a receiver and remand for further proceedings.