**In re the Application of NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation, as Petitioner, Seeking Appointment of a Receiver Under a Power Contained In a Deed of Trust and Pursuant To § 38-39-112, C.R.S.**

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Petitioner-Appellee,**

**and**

**Steve Laughlin, Receiver-Appellee,**

**v.**

**FIRST INTERSTATE BANK OF DENVER, successor in interest to Intra-West Bank of Denver, formerly known as the First National Bank of Denver, Respondent-Appellant.**

**No. 83CA0807.**

Colorado Court of Appeals, Div. I.

May 9, 1985.

Rehearing Denied June 20, 1985.

Wood, Ris & Hames, P.C., Christopher M. Brandt, Colin C. Campbell, Denver, for petitioner-appellee Northwestern Mut. Life Ins. Co.

Callahan & Callahan, Thomas J. Callahan, Wray, for receiver-appellee Steve Laughlin.

John Mason, Jr., & Associates, John Mason, Jr., Denver, Homm & Cribbs, George Homm, Burlington, for respondent-appellant.

ENOCH, Chief Judge.

Respondent, Intrawest Bank of Denver (Bank), appeals from an order appointing a receiver on farm property under a petition from Northwestern Mutual Life Insurance Company (Northwest) and the subsequent order which discharged the receiver. We affirm.

Northwest was the holder of a first deed of trust on farm property operated by Tom McCormick and Company (debtor). It provided that upon default and Northwest's foreclosure, Northwest would have an absolute right to appoint a receiver and have the receiver apply the rents, issues, and profits it collected to the balance of the debt then due. In addition, upon foreclosure, interest on the debt was to increase from ten and one-half to fifteen and one-half percent.

The Bank held a second deed of trust on the same real estate, and alleged that it held a security interest on growing crops and three water pumps. However, no deed of trust, financing statement, or other document indicative of a security agreement between debtor and Bank was ever introduced into evidence, nor became part of the record.

In September 1981, debtor defaulted on its indebtedness to Northwest, and the Bank and abandoned the property. The Bank foreclosed on the property and took possession. It then obtained ownership of the property, in part through its deed of trust under a bankruptcy order, and in part through redemption from the foreclosure action of a junior lienor. In obtaining ownership of the property, the Bank understood that it took the property subject to Northwest's deed of trust.

In early April 1982, Northwest began foreclosure proceedings under C.R.C.P. 120 and obtained an order for the sale of the property. Northwest then petitioned for the appointment of a receiver, and a hearing was held on the petition April 12, 1982, at which the Bank was present, and after which the trial court ordered the appoint-

ment of a receiver. The Bank's later motion to set aside this appointment was denied, and on May 12, 1982, Steve Laughlin (receiver) was appointed the receiver.

In January 1983, the period of redemption from Northwest's foreclosure sale expired with the Bank not having exercised its right to redemption, and thus, a Public Trustee's deed was issued to Northwest. At a hearing in February 1983, the receiver was discharged.

## I.

■ We first reject Northwest's contention that the Bank's appeal of the trial court's appointment of the receiver was untimely. C.A.R. 1(a)(4) allows for an interlocutory appeal of an order appointing a receiver, and interlocutory appeals authorized by statute are permissive, not mandatory. *Jouflas v. Wyatt*, 646 P.2d 946 (Colo. App.1982); 9 *Moore's Federal Practice* 110.18 (2d ed.1980). If an interlocutory appeal is not taken from an order appointing a receiver, a party may still appeal the subject matter of the interlocutory order upon the entry of a final judgment. 9 *Moore's Federal Practice* 110.19(2) (2d ed. 1980). Therefore, failure to appeal the appointment of the receiver does not preclude the Bank from raising the issue when it became merged into the final judgment upon the receiver's discharge. 9 *Moore's Federal Practice* 110.18 (2d ed.1980).

## II.

The Bank first contends that the trial court was without jurisdiction to appoint a receiver because no action or proceedings were filed and pending against the Bank at the time of the appointment. We disagree.

■ In *Johnson v. McCaughan, Carter & Scharrer*, 672 P.2d 221 (Colo.App.1983), we held that C.R.C.P. 66(a) provides that a receiver may be appointed only by a court in which an action is pending. Here, unlike *Johnson*, Northwest had filed a motion under C.R.C.P. 120, and thus, a proceeding had been commenced under § 38–39–112(1), C.R.S. (1982 Repl. Vol. 16A). An action

was pending to provide Northwest with final relief, and therefore, the trial court had jurisdiction to appoint the receiver.

## III.

The Bank next contends that the trial court abused its discretion when it appointed the receiver. We disagree.

■ The appointment of a receiver is within the discretion of the trial court and should not be disturbed absent a clear abuse of that discretion. *Jouflas, supra.* Section 38–39–112(1), C.R.S. (1982 Repl. Vol. 16A) provides that, when a party has foreclosed under a deed of trust, a receiver shall be appointed upon application if it appears that the security is clearly inadequate or that it is in danger of being materially injured or reduced in value. There is ample evidence to support the trial court's findings that these criteria were met here, and thus, Northwest was entitled to the receiver's appointment both under the terms of the statute and under the terms of its deed of trust.

## IV.

The Bank next contends that the funds acquired during the receivership from the sale of crops harvested, and profits, were improperly distributed. We disagree.

■ Contrary-to the Bank's contentions, a receiver does not hold funds it accumulates for the property's record owner, but instead keeps such funds for distribution to the party whom the court ultimately finds is entitled to them. *Hitz v. Jenks*, 123 U.S. 297, 8 S.Ct. 143, 31 L.Ed. 156 (1887). Here, Northwest's deed of trust provided it with the right to have a receiver appointed upon foreclosure, and the rents and profits acquired therefrom. Although the provisions of Article 9 of the Uniform Commercial Code (UCC) do not apply to a "rents and profits" clause incident to a lien on real estate, be it a lease, mortgage, or deed of trust, *see* § 4–9–104(j), C.R.S., it is possible to determine the priority between a "rents and profits" clause in a deed of trust and a perfected security interest in crops.

■■ A security interest in crops constitutes a severance from the property, *Tolland Co. v. First State Bank*, 95 Colo. 321, 35 P.2d 867 (1934), and crops are treated as "goods" under the UCC. Section 4–9–105(f), C.R.S. Under the UCC the priority of a perfected security interest in crops is established as of the date of its filing. *Welbourne Development Co. v. Affiliated Clearance Corp.*, 28 Colo.App. 313, 472 P.2d 684 (1970); § 4–9–302, C.R.S.

■■ A creditor's rights to rents and profits under a deed of trust, however, do not accrue until after the creditor has foreclosed and taken a substantial step, such as requesting the appointment of a receiver, toward acquiring possession of the property. *Erwin v. West*, 105 Colo. 71, 99 P.2d 201 (1939); *Tolland, supra.* Therefore, inasmuch as under the UCC priority of a perfected security interest in crops depends upon the date of its filing, it will normally have priority under the "first in time" rule over a creditor's "rents and profits" clause in a deed of trust because there the priority is determined by the time of application for receivership. *See Tolland, supra.*

Here, however, we are unable to determine whether the Bank had a perfected security interest in crops before Northwest applied for a receiver. No security agreement, financing statement, or document reflecting a security interest in crops was tendered to the court or offered into evidence. Furthermore, there is nothing in the evidence to indicate that the Bank's alleged security agreement in crops was perfected through filing a financing statement in the proper county, nor was there evidence introduced as to when the Bank acquired its interest, or the purposes behind the transaction. *See* § 4–9–401(a), C.R.S. *See also* § 4–9–204(4)(a), C.R.S.

■■ It is the obligation of the party asserting error to present a record that discloses error, *Slater v. Van Schaack & Co.*, 162 Colo. 201, 425 P.2d 302 (1967), and facts asserted in a brief but not contained in the evidence presented to a trial court are insufficient to cure a deficient record. *In Re Marriage of Nguyen*, 684 P.2d 258

(Colo.App.1983). Thus, because of the Bank's failure to sustain its burden of proving that it had a perfected security interest in the proceeds of the crops, the court was correct in its order of distribution of the proceeds of the crops or profits from the receivership to Northwest.

### V.

The Bank finally contends that the court erred in its review of the receiver's administration of the property and his subsequent discharge. We disagree.

■■ When the court appointed the receiver it gave him the power to take possession of the property and make improvements thereon; to preserve the property; and to apply the proceeds from the receivership to the maintenance and preservation of the property. There is nothing in the record to indicate that the court erred in finding that the receiver's expenditures were required to effectuate his purpose, and we will, thus, not disturb the court's factual findings as to the propriety of the expenditures. *See Burnford v. Blanning*, 189 Colo. 292, 540 P.2d 337 (1975).

■■ Relying on *Phillips v. Webster*, 162 Colo. 315, 426 P.2d 774 (1967), the Bank also contends that Northwest bid the full amount of its indebtedness on the property at its foreclosure sale, and therefore, no longer had any interest in the proceeds of the receivership. The Bank's reliance on *Phillips* is misplaced, however, because the court found that the amount Northwest paid at its foreclosure sale did not include the additional interest owed it under its deed of trust. This factual finding is also supported by the record and will not be disturbed on appeal. *Burnford, supra.*

We have considered the Bank's remaining contentions and find them to be without merit.

Order affirmed.

KELLY and STERNBERG, JJ., concur.