**VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION OF HUTCHINSON, KANSAS, Plaintiff-Appellee,**

v.

**ASPEN ACCOMODATIONS, INC., a/k/a Aspen Accommodations, Inc., a Colorado corporation, Defendant-Appellant.**

**No. 84CA1116.**

Colorado Court of Appeals,
Div. III.

Feb. 6, 1986.

Rothgerber, Appel, Powers & Johnson, James S. Sudler, III, Denver, for plaintiff-appellee.

Katch, Anderson & Wasserman, Michael E. Katch, Ann Feinstein Levis, Peter F. Munger, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Aspen Accomodations, Inc. (Aspen), appeals an order appointing a receiver to manage property foreclosed upon by plaintiff, Valley Federal Savings & Loan (Valley Federal). Subsequent orders discharged the receiver and approved disbursement of income from the property collected by the receiver. Aspen neither sought a stay of the order appointing the receiver, applied for a supersedeas bond, nor appealed from either of the later orders. As a result we issued to Aspen an order to show cause why this appeal should not be dismissed as moot. Having considered Aspen's response, we dismiss the appeal.

Aspen contends that *In re Application of Northwestern Mutual Life Insurance Co.*, 703 P.2d 1314 (Colo.App.1985) stands for the proposition that the issue of the propriety of the appointment of a receiver is not rendered moot by the receiver's discharge. We do not find that case applicable here.

In that case the respondent appealed both the order of appointment and the order of discharge. When petitioner argued that appeal of the order of appointment was untimely, this court ruled only that "failure to appeal the appointment of the receiver does not preclude [respondent] from raising the issue when it became merged in the final judgment upon the receiver's discharge."

That case, therefore, does not address what we perceive to be the very different question presented here: Whether, absent stay or supersedeas, failure to appeal from the final judgment renders moot the issue of the propriety of an interlocutory order of appointment.

Appeal from an interlocutory order does not deprive a trial court of its jurisdiction to enforce that order or to enter and enforce such further orders and judgment as may be appropriately sought. *See England v. Colorado Agency Co.*, 145 Colo. 310, 359 P.2d 1 (1961); *Oman v. Morris*, 28 Colo.App. 124, 471 P.2d 430 (1970). If a party desires to maintain the status quo pending appeal he may, however, seek a supersedeas bond relative to, or a stay of, proceedings likely to follow upon such an order. *See* C.A.R. 8; C.R.C.P. 62. If an appeal is taken from an order appointing a receiver, questions involving the issues in the underlying action will not be reviewed. *See Melville v. Weybrew*, 106 Colo. 121, 103 P.2d 7 (1940).

The focus of the controversy here was entitlement to rents accruing from the property in question during the redemption period following its sale to Valley Federal pursuant to deed of trust executed by Aspen to the benefit of Valley Federal. Section 38–39–113, C.R.S. (1985 Cum.Supp.) provides that in these circumstances, the holder of a certificate of purchase may seek appointment of a receiver to take possession of and preserve the value of such property "[i]n case of waste committed or danger of waste or an actual probability of the security being rendered inadequate...." However, the question whether the facts of the case justified appointment of a receiver under the statute is both procedurally and substantively distinct from the ultimate question whether Aspen or Valley Federal was entitled to ownership of the rents during the foreclosure process.

The latter issue arose upon expiration of the redemption period and petition for orders granting discharge and approving disbursements. These orders together constituted a valid and effective final judgment. Because that judgment was not challenged by Aspen, it cannot be affected by any disposition of this appeal.

Accordingly, the appeal is dismissed.

TURSI and METZGER, JJ., concur.