**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 16, 2007**

**TENTH CIRCUIT**

ROBERT B. HAAS,

        Plaintiff-Appellant,

  and

MARIAN T. STUMPF (Involuntary
Plaintiff),

        Plaintiff,

  v.

THE HONORABLE C. JEAN
STEWART, in her official capacity for
the Denver Probate Court,

        Defendant-Appellee.

No. 06-1421

(D.C. No. 05-CV-02556-MSK)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiffs are beneficiaries of a trust who are dissatisfied with the probate court's disbursement of monies in that trust to a law firm. Appellant filed a § 1983 action against the probate court judge challenging various collateral orders but not the award of monies to the law firm. The district court dismissed the action for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Appellant argues that the *Rooker-Feldman* doctrine does not preclude federal court jurisdiction because his § 1983 action seeks only prospective injunctive relief and challenges only administrative orders rather than the final judgment.

We review the district court's dismissal for lack of subject-matter jurisdiction *de novo*. *See Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). The *Rooker-Feldman* doctrine operates as a jurisdictional limit on federal courts, precluding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). "To determine whether a federal

plaintiff's claim is inextricably intertwined with a state court judgment we must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). As Appellant is proceeding *pro se*, he is afforded liberal treatment. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The fact that Appellant contends he is challenging only collateral orders does not save his appeal.[1] Under Colorado law, Appellant's right to appeal the probate court's collateral orders merged into the final judgment. *See Nw. Mutual Life Ins. Co. v. First Interstate Bank of Denver*, 703 P.2d 1314, 1317 (Colo. Ct. App. 1985). Appellant has not filed an appeal with the Colorado state court system regarding this case. After his time to appeal expired, Appellant filed the instant action. The jurisdictional question therefore falls within the ambit of the *Rooker-Feldman* doctrine. *Cf. Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005) (discussing effect of Supreme Court's decision in *Exxon Mobile* on timing of *Rooker-Feldman* doctrine in relation to interlocutory orders).

Accordingly, after reviewing the parties' briefs, the record on appeal, and the district court's decision, we agree with the district court that the § 1983 action

---

[1] This contention is specious at best. It is apparent from Appellant's Verified Complaint that he is seeking reversal of these orders in order to challenge the probate court's ultimate award.

challenging the collateral orders is inextricably intertwined with the probate court

award and we therefore **AFFIRM** the district court's dismissal of the action.

Entered for the Court


Monroe G. McKay
Circuit Judge