**Richard E. WHITE and Atta D. White, d/b/a Palace Plaza Shopping Center, Plaintiffs–Appellants,**

v.

**Bryon SHORT, d/b/a R.C. Grand Prix, Defendant–Appellee.**

No. 89CA0729.

Colorado Court of Appeals, Div. III.

June 14, 1990.

Wittman & McCord, Edward M. McCord, Colorado Springs, for plaintiffs-appellants.

Gorsuch, Kirgis, Campbell, Walker & Grover, Tammy W. Akers, Colorado Springs, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiffs, Richard and Atta White, appeal the summary judgment entered in favor of the defendant, Byron Short, d/b/a, R.C. Grand Prix. We affirm in part, reverse in part, and remand for further proceedings.

The plaintiffs sold a shopping center to Larry Lowry in January 1986, taking back a promissory note and deed of trust. Low-

ry then executed a three-year lease with the defendant for space at the shopping center.

On May 1, 1986, Lowry defaulted on the note, and the plaintiffs commenced foreclosure proceedings. A receiver was appointed on May 6, 1986.

Subsequently, the defendant moved into the leased premises; however, at the end of the four-month rent-free period, he vacated the premises.

At the foreclosure sale, the plaintiffs bid-in the total amount of the indebtedness. The foreclosure redemption period expired on August 30, 1987. In December 1987, the plaintiffs received a deed to the property pursuant to foreclosure and initiated this action against the defendant to enforce the terms of the lease.

The parties filed cross-motions for summary judgment. Plaintiffs asserted that, pursuant to the terms of the lease, defendant's obligations survive foreclosure. The defendant argued that the plaintiffs lacked standing to assert any claim against defendant through redemption, and that after redemption, no privity of contract exists between plaintiffs and defendant.

The trial court entered summary judgment for the defendant and this appeal followed.

## I.

■ The plaintiffs initially contend that they have standing to assert a claim against the defendant for rents through redemption. We disagree.

The plaintiffs bid in the full amount of the indebtedness, consequently, their rights to receipts of the receivership ceased to exist. *See Phillips v. Webster*, 162 Colo. 315, 426 P.2d 774 (1967). *See also In re Application of Northwestern Mutual Life Insurance Co.*, 703 P.2d 1314 (Colo.App. 1985).

## II.

■ The plaintiffs also contend that, as they are mortgagees in possession of the property, the defendant is bound to them for the duration of the lease. We agree.

The defendant argues that, because the lease agreement was between Lowry and the defendant, the plaintiffs are not in privity of contract and cannot assert a claim for the rents accruing after the redemption period. We conclude, however, that defendant had notice that the leased property was subject to sale, transfer, or conveyance.

The deed of trust between plaintiffs and Lowry is dated January 29, 1986, and was duly recorded on February 6, 1986. The lease agreement between the defendant and Lowry was dated March 1, 1986. Defendant commenced occupancy of the premises on June 13, 1986. Thus, based on the deed of trust, defendant was on notice that his landlord's rights could be acquired by foreclosure.

Additionally, the defendant signed the lease agreement, thereby agreeing that the conditions of the lease would inure to the benefit of and be binding upon the undersigned parties, their heirs, successors, and assigns. The term successor has been defined as one that succeeds or follows; one who takes the place which another has left and sustains the like part or character. *See Thompson v. North Texas National Bank*, 37 S.W.2d 735 (Tex.Ct.App.1931).

"Assigns" has been interpreted in *Fidelity Bond & Mortgage Company v. Paul*, 90 Colo. 94, 6 P.2d 462 (1931). The court there held that:

"Where ... the mortgagor assigns the rent to the mortgagee and voluntarily places the mortgagee in possession with power to do all the things necessary in the operation and management of the property the same as the mortgagor might do, the mortgagee stands in the shoes of the mortgagor. The lease remains unaffected by the assignment and the change of possession, save only as to the person entitled to receive the rent."

Further, in *Baber v. Baber*, 28 Colo.App. 530, 474 P.2d 630 (1970), this court held that:

"When the reversion of landlord is transferred, the rights to rents accruing after

the transfer of the reversion pass to the transferee.... When the landlord's interest in the demised premises are transferred to a purchaser on a sheriff's sale on foreclosure, the rights to the rents reserved in the lease pass to the purchaser."

Thus, as purchasers at the foreclosure sale and pursuant to the lease provision binding the parties' successors and assigns, plaintiffs acquired the rights to rent payable under the lease.

### III.

The remaining issue to be determined on remand is whether Lowry and the defendant entered into a verbal agreement terminating all obligations under the lease. This agreement allegedly occurred after defendant vacated the premises and prior to the receiver notifying defendant of his appointment.

The defendant further asserts that he complied with the terms of the oral agreement for termination of the lease by tendering several checks to the court-appointed receiver. Thus, defendant claims there was an accord and satisfaction.

Plaintiffs dispute the validity and existence of this oral agreement to terminate the lease. However, inasmuch as it granted summary judgment on other grounds, the trial court did not consider these issues.

There being no dispute as to the propriety of the receiver's actions, the portion of the summary judgment in favor of the defendant for the time period prior to the expiration of redemption is affirmed. The remainder of the summary judgment is reversed, and this matter is remanded for further proceedings regarding the factual issues raised by the defendant's defense of accord and satisfaction.

STERNBERG and NEY, JJ., concur.