Edward S. JOHNSON, as Special Administrator of the Estate of Roy E. Dickson; Cal Farley's Boys Ranch, a Texas Nonprofit corporation; and Mabel E. Reeves, Plaintiffs-Appellees,

v.

EL PASO CATTLE CO.; Pioneer Trust; Pony Express Enterprises; Mountain View Co.; and Lowell Anderson, Individually and as Second Trustee of the Pioneer Trust, Defendants-Appellants.

No. 85CA0124.

Colorado Court of Appeals,
Div. I.

Aug. 28, 1986.

Isaac, Johnson and Alpern, Mark L. Finlayson, Colorado Springs, for plaintiffs-appellees Edward S. Johnson and Mabel E. Reeves.

Holland & Hart, Gregory R. Piché, Denver, for plaintiff-appellee Cal Farley's Boys Ranch.

Robert E. Allen, Denver, for defendants-appellants.

STERNBERG, Judge.

Plaintiffs in this action are Edward S. Johnson, acting as special administrator of the estate of Roy E. Dickson, Cal Farley's Boys Ranch, and Mabel E. Reeves, sister and sole heir-at-law of Dickson. Defendants El Paso Cattle Company, Pioneer Trust, Pony Express Enterprises, and Mountain View Company (trusts) were controlled by or affiliated with defendant Lowell Anderson, acting in his capacity as trustee of the Pioneer Trust. Defendants appeal from the judgment finding them jointly and severally liable in the amount of $124,977.03, representing legal fees and other costs of administration relating to Dickson's estate and the value of property traced from Dickson to defendants but not

relinquished by them to a court-appointed receiver. We affirm.

Plaintiffs filed this suit on May 26, 1982, alleging that Dickson, then deceased, had placed all of his real and personal property into the trusts at the behest of Anderson and that the defendants had failed to register any of the trusts. They sought orders invalidating the trusts, removing Anderson as trustee, directing an accounting of trust assets and their transfer to Dickson's estate, and establishing a resulting trust in favor of the estate. On September 1, plaintiffs filed a motion in which they alleged various acts of misconduct relating to the trust assets and sought appointment of a receiver to preserve those assets pending resolution by the court of issues involving the validity of the trust, the status of Dickson's estate, and the claims of Reeves and Cal Farley's Boys Ranch relating thereto.

On September 7, a hearing was held to determine whether the trial court had jurisdiction to appoint a receiver. After hearing testimony given by Anderson, the court, ruling that jurisdiction was proper, *see* §§ 15–16–104, C.R.S. (1985 Cum.Supp.), 15–16–201, C.R.S., and 15–16–301, C.R.S., ordered suspension of Anderson as trustee and appointment of a receiver. The court further ordered that Anderson account for all assets of the trust, directing that he "immediately and promptly turn over [to the receiver] all documents relating to the trusts ... and all contracts and all other items of importance to this proceeding—anything of value, any documents reflecting any interests of the parties...."

Anderson failed to make an accounting as ordered. On October 6, 1982, plaintiffs filed a motion to compel discovery and initiated contempt proceedings. The court ordered Anderson to appear and show cause why he should not be held in contempt. A hearing concerning both the motion to compel and the contempt was set for October 12 but was continued.

In the interim, Anderson's wife, also a defendant herein, filed a petition to remove the cause to the United States District Court. Defendants filed notices of non-appearance for hearings set for October 18 and October 27, asserting late notice and lack of state jurisdiction from the time of filing of the petition for removal. The United States District Court, however, in an order dated January 7, 1983, found that the petition was void *ab initio* and that the trial court had at all times retained jurisdiction.

The matter was continued until March 21, 1983. At that time, plaintiffs filed an amended complaint stating 19 claims for relief based on fraud and fiduciary malfeasance, claiming substantial money damages and seeking to quiet title to real property conveyed by Dickson to the trusts. Anderson again did not appear and the matter was set over until March 23.

Although Anderson had been informed through his attorney of the possible consequences of non-appearance, he again failed to appear. The court thereupon entered an order which stated in essence that Anderson was in contempt of court, that he was permanently removed as trustee of the defendant trusts, and that failure to comply with this and all previous orders within stated time limits would result in imposition of C.R.C.P. 37 sanctions and default judgment upon plaintiffs' motion. Anderson neither appeared nor complied and final judgment was entered.

## I.

On appeal, defendants first contend that the trial court abused its discretion in removing Anderson as trustee and appointing a receiver without investigating the nature of the trusts or their principal place of administration, and without determining whether plaintiffs had any cognizable interest in the trust property. We do not agree.

"[A] court of equity has inherent power to displace trustees by substituting a receiver whenever the case is brought within the general equitable principles concerning the appointment of receivers.... Whether a receiver will or will not be appointed upon such hearing is a matter which ordinarily rests in the

sound discretion of the trial court and there will be no interference with the exercise of that discretion by an appellate court, save in a clear case of abuse." *Melville v. Weybrew,* 106 Colo. 121, 103 P.2d 7 (Colo.1940). C.R.C.P. 66 allows appointment of a receiver:

"[b]efore judgment, provisionally, on application of either party, when he establishes a prima facie right to the property, or to an interest therein, which is the subject of the action and is in possession of an adverse party and such a property, or its rents, issues and profits are in danger of being ... materially injured or impaired...."

Section 15–16–201, C.R.S., provides: "The court has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of trusts" including proceedings to remove a trustee. Further, a trustee who fails to register a trust in a proper place is subject to the personal jurisdiction of any court in which the trust could have been registered, and a trustee who fails to register a trust within 30 days of demand by a beneficiary thereof is subject to removal. Section 15–16–104, C.R.S. (1985 Cum.Supp.).

The record reveals that Mrs. Reeves made demands for registration, that Anderson did not respond, and, by Anderson's own testimony, that he was trustee of the trusts which had been established by Dickson in order to provide for Mrs. Reeves during her lifetime, the remainder to go to Cal Farley's Boys Ranch. Anderson also testified that he had mortgaged real property conveyed by Dickson to one of the trusts for $950,000 and that he had received at least $20,000 following disposition of other trust assets, but claimed to have no knowledge of the location of the monies.

Further, although the trust documents stated that the trusts had their situs in Wyoming, this is not determinative of the duty to register. *See* § 15–16–104, C.R.S. (1985 Cum.Supp.). Moreover, there was evidence that the trusts were domiciled in Colorado, that the trust property was located in Colorado, and that Anderson had acted in Colorado in respect to this property.

■ This evidence, if believed by the court, was sufficient to establish a *prima facie* case that plaintiffs had an interest in the trust assets, that they were in danger of being impaired, that the trusts were domiciled in Colorado and that Anderson, as trustee, had failed to register the trusts in Colorado, their principal place of administration. As trier of fact, the court could disregard Anderson's protestations to the contrary. We conclude that, whether the grounds of the court's ruling were statutory or equitable, it did not abuse its discretion in removing Anderson as trustee and appointing a receiver for the trust property.

## II.

■ Anderson contends that the trial court acted in violation of his rights to due process by entering money judgment against him without allowing him an opportunity to be heard. The record reveals, however, that Anderson had ample notice through his attorney that a default judgment would result if he failed to appear before the court. His decision not to comply with many court orders was deliberate, and the court acted with commendable restraint in staying its orders and continuing settings so that Anderson could have further chances to appear and state his defense. Although Anderson does not in this appeal otherwise question the propriety of the judgments, we are satisfied that the court proceeded within its authority. There was no denial of due process here.

## III.

■ Finally, Anderson contends that the court erred in imposing various discovery sanctions because he had asserted his Fifth Amendment privilege against self-incrimination as a result of a criminal indictment which was pending against him in the United States District Court in Wyoming. The record reveals that the court did allow Anderson to assert the privilege with respect to questions directed at him personally, but

insisted on his compliance with requests for information relevant to his position and duties as trustee. We perceive no error in that ruling.

 No legal entity such as a trust may assert the Fifth Amendment privilege; this rule extends to persons acting officially for such an entity. *See Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). Hence, sanctions were appropriately applied here for Anderson's repeated refusals to produce documentation requested by plaintiffs that was relevant to his duty to account for trust assets.

Other contentions of error raised by defendants are without merit.

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.