■ GERMAN DE LA ROCHE, Appellant, v NOHRA DE LA ROCHE, Respondent. [617 NYS2d 767] —Order, Supreme Court, New York County (David B. Saxe, J.), entered February 15, 1994, which, *inter alia,* awarded defendant $1,000 temporary maintenance per week, considered neither income to defendant nor deductible to plaintiff for taxation purposes, $350 weekly child support, and directed plaintiff to maintain in full force and effect all present policies of insurance, to pay all unreimbursed pharmaceutical, optical, non-elective medical and dental expenses for the children and to pay the children's private school tuition and related school expenses, unanimously affirmed, without costs. Order of the same court and Justice, entered June 6, 1994, which, *inter alia,* granted defendant's motion to compel plaintiff to comply with document production and denied plaintiff's cross-motion for downward modification of the temporary maintenance award, unanimously modified on the law, to the extent of remanding the matter to the IAS Court and directing plaintiff to submit the challenged legal bills for an *in camera* inspection for determination as to whether the documents are protected from disclosure pursuant to the attorney/client privilege, and otherwise affirmed, without costs.

The court's award of temporary maintenance and child support was not excessive. Thorough review of the record indicates that the court was presented with discrepancies in

the facts presented in the parties' conflicting affidavits, as well as inconsistencies apparent on the fact of the payor spouse's own submissions, and therefore the most effective means of resolving the parties' dispute over the amounts awarded is to conduct a prompt trial. *(Corsini v Corsini,* 178 AD2d 356.) Moreover, considering the conflicting evidence, the court did not abuse its discretion in providing that the maintenance payments be neither deductible to plaintiff nor taxable to defendant *(Lasry v Lasry,* 180 AD2d 488).

Plaintiff's subsequent cross-motion for downward modification of the award was properly denied since he failed to provide the court with any reasonable excuse as to why he did not inform the court of the effect of increases in FICA and Federal tax deductions already scheduled to go into effect at the time of the original application *(Foley v Roche,* 68 AD2d 558, 568). In any event, the court did not err in refusing to modify the award since documentary evidence submitted by defendant indicated that plaintiff had misrepresented his financial status.

Plaintiff's claim that defendant is not entitled to discovery of his passports and visas is without merit. "In a matrimonial action, under equitable distribution and Domestic Relations Law § 236 (B) (4), broad financial disclosure is necessary and required." *(Gellman v Gellman,* 160 AD2d 265, 267.) Here, evidence indicated that plaintiff was not forthcoming with respect to his financial status and may therefore be secreting his assets. Moreover, plaintiff, who is an international commodities trader, admitted to having consummated business deals all over the world. Inasmuch as discovery of plaintiff's passports and visas may assist defendant in uncovering plaintiff's assets, the court's order directing plaintiff to comply with discovery was proper.

While CPLR 3101 (a) directs that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action", the CPLR also provides that privileged matter and an attorney's work product are absolutely immune from discovery (CPLR 3101 [b], [c]; *see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371). CPLR 4503 (a) also provides that "a confidential communication made between the attorney * * * and the client in the course of professional employment" is privileged. Further, "[w]hile a retainer and fee arrangement agreement may be subject to discovery * * * the actual bills detailing the work done by the attorneys are clearly privileged material." *(Licensing Corp. v National Hockey League Players Assn.,* 153 Misc 2d 126, 127-

128.) Thus, bills showing services, conversations, and conferences between counsel and others are protected from disclosure. "To allow access to such material would disclose discovery and trial strategy, and reveal the factual investigation and legal work that has been done by [the party's] attorneys." *(Supra,* at 128.) Inasmuch as defendant requested plaintiff's legal bills, and since such material may be privileged, the matter must be remanded to the IAS Court before which plaintiff is directed to submit the challenged material for *in camera* inspection for a determination as to whether the documents are protected from disclosure. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Kupferman, JJ.