Ricky BAKER, Plaintiff–Appellee,

v.

DAVID ALAN DORFMAN, P.L.L.C.
and David A. Dorfman, Defendants–Appellants.

Docket No. 00–7954.

United States Court of Appeals,
Second Circuit.

Argued: Oct. 3, 2000.

Decided: Nov. 7, 2000.

Clyde Jay Eisman, New York, NY, for defendants-appellants.

Gregory Antollino, New York, NY, for plaintiff-appellee.

Before: McLAUGHLIN, CALABRESI, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Defendant-appellant David Alan Dorfman, P.L.L.C., a law firm operating as a professional limited liability company ("the P.L.L.C."), and individual defendant-appellant David Alan Dorfman, an attorney and the sole member of the P.L.L.C. ("Dorfman"), appeal from an opinion and order dated July 20, 2000 and a judgment dated July 25, 2000 of the United State District Court for the Southern District of New York (Cote, *Judge*) and from orders implementing the district court judgment issued by Magistrate Judge Kevin Nathaniel Fox. The district court's judgment, *inter*

*alia:* (1) holds that the P.L.L.C. is a successor in liability for a malpractice judgment that plaintiff-appellee Ricky Baker ("Baker") obtained against Dorfman before the formation of the P.L.L.C. while Dorfman practiced law as a sole proprietor;[1] (2) assigns Baker a 75% interest in the P.L.L.C. until the judgment is paid; (3) turns over Dorfman's individual retirement account to Baker; (4) orders Dorfman immediately to pay Baker the overdue balance on an income execution issued in connection with the malpractice judgment by the New York County Sheriff's Office entitling Baker to receive 10% of Dorfman's 1999 income pursuant to N.Y. C.P.L.R. 5231; and (5) appoints Baker's counsel as a receiver over the P.L.L.C. pursuant to N.Y. C.P.L.R. 5228 until the judgment is paid.

We affirm the district court's judgment and the associated orders of the magistrate judge in all respects, with the exception of certain provisions of the August 4, 2000 order of the magistrate judge implementing the district court's appointment of a receiver (the "Receiver Order"). In reaching this conclusion, we have carefully considered defendants-appellants' arguments, which are essentially the same arguments that they raised in the district court, and find them to be meritless for substantially the reasons stated by Judge Cote in her well-reasoned and thorough opinion. *See Baker v. David A. Dorfman, P.L.L.C.,* No. 99 Civ. 9385, 2000 WL 1010285 (S.D.N.Y. July 21, 2000). We particularly note that Judge Cote, in deciding that the P.L.L.C. could be held liable as a successor to Dorfman's sole proprietorship, was correct to apply this Court's prior holding that the common law rules of successor liability generally apply "regardless of whether the predecessor or successor organization was a corporation or some other form of business organization," *Graham v. James,* 144 F.3d 229, 240 (2d Cir. 1998) (internal quotation marks and citation omitted), beyond the context of products liability. The district court was therefore also correct, based on the arguments presented by the parties,[2] in assigning plaintiff-appellee Baker a 75% interest in the profits of the P.L.L.C., Dorfman's successor in liability, as well as ordering various payments by individual defendant-appellee Dorfman.

■ We vacate only the sixth, eleventh, twelfth, thirteenth and twenty-third "ORDERED" paragraphs of the Receiver Order and remand them to the district court for possible modification. The Receiver Order empowers the receiver not only to collect the money owed to Baker but also provides the receiver with a broad mandate to increase the P.L.L.C.'s profitability and sweeping operational powers over the P.L.L.C. to carry out that mandate. The receiver's authority extends into virtually every aspect of the P.L.L.C.'s operations, permitting him, for example, to attend client meetings, make personnel decisions, and commence lawsuits on behalf of the P.L.L.C. As both parties conceded at oral argument, however, neither party raised before the district or magistrate judge the fact that New York law and ethical rules protect the attorney-client relationship by restricting the ability of attorneys to allow third parties to intrude into or exert influence over that relationship. Such issues similarly do not appear to have been independently considered by either the district or magistrate judge.

■ Although these issues were not addressed below or on appeal, the concerns regarding protection of the attorney-client

---

1. This malpractice judgment was recently affirmed by another panel of this Court. *See Baker v. Dorfman,* 2000 WL 1233349, —— F.3d —— (2d Cir.2000).

2. Because defendants-appellants never raised the issue, and thereby waived it, we express no opinion about whether, or to what extent,

New York law provisions creating income exemptions from judgment executions might limit the application of successor liability where the alleged successor is a single member company formerly operated as a sole proprietorship.

relationship are of sufficient public importance that this Court raises them *sua sponte.* *See Cohen v. West Haven Bd. of Police Comm'rs,* 638 F.2d 496, 500 & n. 6 (2d Cir.1980) (even when "not addressed by the parties or the district court" there are occasions "where questions of public importance are involved [such that] appellate courts may *sua sponte* decide purely legal issues that are necessary to a just decision"). Because these issues were not raised below, however, and because we believe that the district court is in a better position to make any necessary modifications to the Receiver Order that take into account the specific facts of this case, we do not decide the legal issues presented but simply rely upon their potential impact on the Receiver Order as the basis for vacating the above-specified paragraphs and remanding them for reconsideration. On remand, the district court should consider the impact on the Receiver Order, if any, of the relevant law and rules of legal ethics governing the attorney-client relationship and the operation of a law practice. These issues should include, but are not limited to:

● whether attorney-client confidentiality, and in particular the client's right to have his or her confidential communications with an attorney protected from disclosure to third parties, is breached by the grant of power to the receiver in the sixth "ORDERED" paragraph to be "privy to . . . client confidences," *see In re von Bulow,* 828 F.2d 94, 100 (2d Cir.1987) ("the [attorney-client] privilege belongs solely to the client and may only be waived by him"); *see also* New York Disciplinary Rule 4–101, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.19 (unless client has consented after full disclosure, "a lawyer shall not knowingly . . . reveal a confidence or secret of a client");[3]

● whether the eleventh "ORDERED" paragraph, which grants the receiver

control over and access to the P.L.L.C.'s financial and business records, violates the confidentiality that generally protects from disclosure client documents and information, including but not limited to detailed legal bills, *see, e.g., De La Roche v. De La Roche,* 209 A.D.2d 157, 158, 617 N.Y.S.2d 767, 769 (1st Dep't 1994) ("[B]ills showing services, conversations, and conferences between counsel and others are protected from disclosure"); *see generally* N.Y. C.P.L.R. 4503 (client shall not be compelled to disclose "confidential communication made between the attorney or his employee and the client in the course of professional employment");

● whether the rules prohibiting undue outside influences on the professional judgment of an attorney require restrictions on the authority granted to the receiver in the twelfth and thirteenth "ORDERED" paragraphs to take any actions "necessary and appropriate to increase the profits of the PLLC," and to make operational and personnel decisions, including decisions about the level of Dorfman's compensation, *see e.g.,* New York Disciplinary Rule 5–107, N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.26 ("a lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal service for another to direct or regulate his or her professional judgment in rendering such legal services"); and

● whether the rules of legal ethics governing when attorneys may sue their own clients—or have third parties such as collection agencies sue for them—are violated by the twenty-third "ORDERED" paragraph, which authorizes the receiver "to sue for all unpaid debts owed to the PLLC," *see, e.g.,* NYSBA Comm. Prof. Eth., Op. 684 (1996) (imposing severe restrictions on when and in what manner an attorney may turn

---

**3.** We note, as does the sixth "ORDERED" paragraph of the Receiver Order, that while the receiver is a New York attorney, the P.L.L.C.'s clients are not clients of the receiver.

over a client collection matter to a collection agency, noting that "the client's unpaid account status will almost always constitute a secret within the meaning of DR 4–101(B)"); New York Ethical Consideration 2–23, N.Y. Jud. Law, Appendix ("A lawyer should not sue a client for a fee unless necessary to prevent fraud or gross imposition by the client.")

After taking such matters into consideration, the district court should modify the Receiver Order in a manner that it deems appropriate to accomplish the purpose of the receivership while maintaining compliance with the relevant law and rules of legal ethics.[4]

## CONCLUSION

We affirm the district court judgment and the associated orders of the magistrate judge with the exception of the sixth, eleventh, twelfth, thirteenth and twenty-third "ORDERED" paragraphs of the Receiver Order, which we vacate and remand to the district court for reconsideration and possible modification.

4. Furthermore, to the extent that the district court finds that paragraphs not vacated in the Receiver Order potentially implicate similar concerns, it should modify the Receiver Order in a manner that addresses such issues.