DEBRA ANN LIVINGSTON, Circuit Judge, joined by ERIC N. VITALIANO, District Judge,
concurring:
I concur fully in the majority’s disposition and analysis. I write separately to note my disagreement with the district court’s conclusion that the plaintiffs “do not challenge the constitutionality of the consent decree.” See Vivenzio v. City of Syracuse (Vivenzio I), 545 F.Supp.2d 241, 250 n. 2 (N.D.N.Y.2008). I believe that the plaintiffs do make such a challenge, though I reach no conclusion as to whether plaintiffs adequately presented it before the district court. I also conclude that the merits of such a challenge, if sufficiently argued, need not be addressed on this appeal. Allstate Ins. Co. v. Serio, 261 F.3d 143, 150-51 (2d Cir.2001) (“It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions.”). Should it become necessary on remand, however, I believe that the district court should address the plaintiffs’ constitutional claims and determine whether they were sufficiently argued as to be preserved, and whether any failure to preserve them should nevertheless be excused.
The plaintiffs conceded before the district court that “[a]t the time the Consent Decree was entered, it complied with the constitutional requirement that it be narrowly tailored to meet a compelling governmental interest.” Vivenzio I, 545 F.Supp.2d at 250 n. 2 (quoting Plaintiffs’ Mem. in Supp. of Summ. J. at 14). At the same time, however, they contended that the Decree no longer passes constitutional muster because it is not now narrowly tailored to serve a compelling governmental interest. Plaintiffs’ Mem. in Supp. of Summ. J. at 14. The district court concluded that “[s]ince the terms of the consent decree have not changed since its inception and race-conscious affirmative action plans still must be narrowly tailored to meet a compelling governmental interest, it would be illogical to suggest that the consent decree was constitutional then but not today.” Vivenzio I, 545 F.Supp.2d at 250 n. 2. But this is simply not the case.
Both the Supreme Court and the Courts of Appeals have pronounced repeatedly on the subject of strict scrutiny in the context of voluntary affirmative action plans in the 30 years since the Consent Decree here was entered. See, e.g., City of Richmond v. J.A. Croson Co., 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989); Edwards v. City of Houston, 37 F.3d 1097 (5th Cir.1994). Indeed, it was not until 1989, in Croson, “that the Supreme Court expressly held that strict scrutiny should be used in evaluating state and local affirmative action programs.” Erwin Chemerinsky, Constitutional Law § 9.3 at 734 (3d ed.2006). It is possible that a decree that appeared to meet the relevant constitutional standards as understood in 1980 may fail to satisfy current precedent — precedent that has developed since entry of such a decree but that could well apply retroactively. See Harper v. Va. Dep’t of Taxation, 509 U.S. 86, 97, 113 *110 S.Ct. 2510, 125 L.Ed.2d 74 (1993). It is thus not illogical to suggest that a decree that appeared to be constitutional in light of the law in effect when it was entered is unconstitutional today. And it is certainly not illogical to argue that circumstances arising since entry of the decree have rendered its current implementation unconstitutional. See, e.g., Dean v. City of Shreveport, 438 F.3d 448, 455-58 (5th Cir.2006) (noting need to determine, with regard to a 1980 consent decree, whether city continued to have a compelling interest sufficient to justify a race-conscious remedy).
Before this Court — and without any waiver objection by the appellees — the plaintiffs identified as a question for decision “[wjhether the lower court improperly granted Summary Judgment to the City of Syracuse where the 1980 Consent Decree fails to survive strict scrutiny.” Vivenzio-Wilkinson Brief on Appeal at 4. The body of their brief contains a subsection entitled: “The Consent Decree is invalid because it is not narrowly tailored and is thus unconstitutional because it fails review under strict scrutiny.” Id. at 20. This subsection argues, among other things, that the Consent Decree has been implemented erratically over its 30-year history. It asserts that the Decree has been read to establish a goal of proportionate African American representation in each firefighter rank but that the only tool the Decree makes available to achieve this goal — a race-conscious initial recruitment hiring plan that impacts the higher ranks only indirectly through trickle-up advancement — is not narrowly tailored and “could ... serve to allow the Decree to continue in perpetuity.” Id. at 23. Finally, the plaintiffs contend that the City of Syracuse has failed continuously to monitor the Decree’s implementation: “The fact that the City has attempted to implement the Decree in such an arbitrary manner supports Plaintiffs’ position that the Decree lacks narrowly tailored provisions to avoid the least possible harm to those who have qualified to be firefighters.” Id. at 24.
I conclude that the plaintiffs do make a constitutional challenge to the Consent Decree, contrary to the determination of the district court. Given the circumstances of this case, I believe the district court should, if necessary, determine whether plaintiffs’ constitutional challenge was sufficiently developed before it so as to be preserved and, if not, whether to excuse any waiver and to seek development of the record and additional briefing as to this challenge. Cf. Baker v. David Alan Dorfman, P.L.L.C., 232 F.3d 121, 123 (2d Cir.2000) (remanding to the district court for consideration in the first instance of an issue of “sufficient public importance” even though neither party had argued the issue before the district court or on appeal).