The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 8, 2018

## 2018COA31

## No. 16CA1869, Marriage of Humphrey — Civil Procedure — Receivers — Professions and Occupations — Colorado Medical Marijuana Code — Colorado Retail Marijuana Code — Licensing

A division of the court of appeals decides, as a matter of first impression, whether a district court's power to appoint a receiver trumps Colorado's marijuana licensing laws. Here, the appointed receiver was not licensed to operate marijuana businesses as required by the Colorado Retail Marijuana Code and the Colorado Medical Marijuana Code.

The division holds that courts may only appoint receivers for marijuana businesses who are licensed under Colorado marijuana licensing laws.

Accordingly, the division reverses the district court's order and remands the case with directions.

Court of Appeals No. 16CA1869
City and County of Denver District Court No. 16DR30252
Honorable Lael Montgomery, Judge

In re the Marriage of

Kelsey M. Yates,

Petitioner-Appellee,

and

Kiri A. Humphrey,

Respondent,

and Concerning Sterling Consulting Corporation, Receiver,

Appellee,

v.

Michael S. Hartman, in his official capacity as the Executive Director of the Colorado Department of Revenue and State Licensing Authority for the Marijuana Enforcement Division,

Intervenor-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE BERGER
Bernard and Freyre, JJ., concur

Announced March 8, 2018

Griffiths Law PC, Carolyn Witkus, Jon Eric Stuebner, Lone Tree, Colorado, for Petitioner-Appellee

Fairfield and Woods PC, John M. Tanner, Denver, Colorado, for Appellee

Cynthia H. Coffman, Attorney General, Claudia Brett Goldin, First Assistant Attorney General, J. Alan Call, Senior Assistant Attorney General, Denver, Colorado, for Intervenor-Appellant

¶ 1    The question before us is whether a court may appoint a receiver for a marijuana business if that receiver does not possess the licenses required by Colorado's marijuana licensing laws.  We hold that, although courts have the equitable power to appoint receivers, they must make such appointments in compliance with the marijuana licensing laws enacted by the General Assembly.

¶ 2    Because the district court erroneously concluded that its power to appoint a receiver trumped the marijuana licensing laws, we reverse the receivership order.

I.      Relevant Facts and Procedural History

¶ 3    Petitioner-Appellee Kelsey M. Yates (Wife) filed a petition to dissolve her marriage to respondent-appellee Kiri A. Humphrey.  She requested the appointment of a receiver over marital property, which included the "Frosted Leaf" group of businesses (the marijuana businesses).  The marijuana businesses included a number of licensed medical and recreational marijuana entities.

¶ 4    The court granted Wife's request for a receiver and appointed appellee Sterling Consulting Corporation (Receiver).  The Receiver's principal is Richard Block.  The receivership order authorized the Receiver to "take immediate control of the [businesses] and operate

1

the [businesses] on the Court's behalf in *custodia legis*." The Receiver had the "powers and duties" to "manage, operate, maintain, repair, and otherwise control the [businesses] as necessary to preserve [them]."

¶ 5    It is undisputed that when the court entered the receivership order, neither Mr. Block nor his employees held the licenses required by section 12-43.3-103(2)(e), C.R.S. 2017, of the Colorado Medical Marijuana Code, and section 12-43.4-104, C.R.S. 2017, of the Colorado Retail Marijuana Code, to own, operate, manage, control, or work in a licensed marijuana business.

¶ 6    After it learned of the receivership order, appellant, the Executive Director of the Colorado Department of Revenue, officially acting as the State Licensing Authority (SLA), moved to intervene under C.R.C.P. 24. The SLA moved to modify the receivership order by removing Sterling Consulting Corporation as the Receiver, at least until Block and his employees obtained the requisite licenses.[1] After a hearing, the court granted the SLA's motion to intervene,

---

[1] The SLA offered to expedite the licensing application process for the Receiver and its employees.

2

but denied the motion to modify the receivership order.[2]  The SLA now appeals that order.[3]

## II.     Analysis

¶ 7      We begin by distinguishing what is at issue in this case from what is not.  The SLA does not challenge the district court's authority to appoint receivers for marijuana businesses.  Instead, the SLA only challenges the court's authority to appoint receivers who are not licensed to operate marijuana businesses.[4]

### A.     Equitable Powers of the Court

¶ 8      Courts of equity have inherent power to appoint receivers.  *Johnson v. El Paso Cattle Co.*, 725 P.2d 1180, 1182-83 (Colo. App. 1986).  This power is codified by C.R.C.P. 66.  Consequently, "[t]he

---

[2] After the hearing, two of the Receiver's employees, but not Richard Block, obtained occupational licenses under Colorado's marijuana licensing laws.

[3] We have appellate jurisdiction to hear this case under C.A.R. 1(a)(4), which provides that an order appointing a receiver is appealable.

[4] At oral argument, for the first time, the SLA argued that paragraph sixteen of the receivership order, which states that any actions brought against the marijuana businesses or the Receiver are stayed "absent express permission" of the appointing court was beyond the authority of the district court.  We do not address this argument because it was asserted for the first time at oral argument.  *McGihon v. Cave*, 2016 COA 78, ¶ 10 n.1.

appointment of a receiver is governed by general equitable principles." *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 519 (Colo. App. 2006).

¶ 9    But, "[c]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." *Immigration & Naturalization Serv. v. Pangilinan*, 486 U.S. 875, 883 (1988) (quoting *Hedges v. Dixon Cty.*, 150 U.S. 182, 192 (1893)); *see also Armstrong v. Driscoll Constr. Co.*, 107 Colo. 218, 222, 110 P.2d 651, 653 (1941). "The courts of a jurisdiction cannot authorize violations of that jurisdiction's laws, unless pursuant to the command of a higher law. It is a fundamental tenet of a separation-of-powers doctrine that a court's enforcement powers are restricted by the dictates of the legislature." *LaShawn A. v. Barry*, 144 F.3d 847, 853 (D.C. Cir. 1998); *see also Baker v. David Alan Dorfman, P.L.L.C.*, 232 F.3d 121, 122 (2d Cir. 2000). The Receiver has not cited, and we have not found, any authority supporting the proposition that when a district court appoints a receiver the court can disregard marijuana licensing laws enacted by the General Assembly.

## B. Colorado Marijuana Licensing Laws

¶ 10 "The General Assembly may prohibit practice of a profession or operation of a facility in the absence of a statutorily-prescribed license or permit." *Kourlis v. Dist. Court*, 930 P.2d 1329, 1333 (Colo. 1997). The General Assembly exercised this authority when it prohibited the operation of both medical and recreational marijuana businesses unless the businesses' owners and employees hold the licenses prescribed by statute. § 12-43.3-103(2)(e); § 12-43.4-104(4).

¶ 11 Moreover, the Colorado Constitution provides as follows:

> In the interest of the health and public safety of our citizenry, the people of the state of Colorado further find and declare that marijuana should be regulated in a manner similar to alcohol so that:
>
> . . .
>
> Legitimate, taxpaying business people, and not criminal actors, will conduct sales of marijuana.

Colo. Const. art. XVIII, § 16(1)(b)(IV). Both the Colorado Retail and Medical Marijuana Codes similarly state that the licensing of the marijuana industry, as a part of those codes, "shall be deemed an exercise of the police powers of the state for the protection of the

economic and social welfare and the health, peace, and morals of the people of this state." § 12-43.3-102(1), C.R.S. 2017; § 12-43.4-102(1), C.R.S. 2017. Thus, both the people of Colorado and the General Assembly have expressed that the regulation of persons engaged in marijuana businesses is an important state interest.

¶ 12    In 2010, the General Assembly enacted the Colorado Medical Marijuana Code, sections 12-43.3-101 to -1102, C.R.S. 2017, which sets forth "the exclusive means by which manufacture, sale, distribution, and dispensing of medical marijuana may occur in the state of Colorado," § 12-43.3-103(2)(e). The code requires not only licenses for medical marijuana businesses themselves, but also "[o]ccupational licenses" for "owners, managers, operators, employees, contractors, and other support staff employed by, working in, or having access to restricted areas of the licensed premises, as defined by the state licensing authority." § 12-43.3-401(1)(d), C.R.S. 2017; *see also* Dep't of Rev. Rule M 204.5(B)(3), 1 Code Colo. Regs. 212-1. "It is unlawful for a person to exercise any of the privileges granted under a license other than the license that the person holds or for a licensee to allow any other person to

6

exercise the privileges granted under the licensee's license." § 12-43.3-310(8)(a), C.R.S. 2017.

¶ 13    Two years later, the General Assembly enacted the Colorado Retail Marijuana Code, which requires similar business and occupational licenses for the retail marijuana industry. *See* § 12-43.4-312(2), C.R.S. 2017; *see also* Dep't of Rev. Rule R 204.5(B)(3), 1 Code Colo. Regs. 212-2. The Colorado Retail Marijuana Code also makes it unlawful "for a person to exercise any of the privileges granted under a license other than the license that the person holds or for a licensee to allow any other person to exercise the privileges granted under the licensee's license." § 12-43.4-309(7)(a), C.R.S. 2017.

¶ 14    Thus, under both the Colorado Medical Marijuana Code and the Colorado Retail Marijuana Code, no person may operate a marijuana establishment without the required licenses. *See* § 12-43.3-313(3), C.R.S. 2017; § 12-43.4-312(2). To operate a marijuana establishment without these licenses is a criminal offense. § 12-43.3-901(2), C.R.S. 2017; § 12-43.4-901(2)(a), C.R.S. 2017.

## C. The District Court Erroneously Appointed Sterling Consulting Corporation as a Receiver

¶ 15　　The district court thought that its authority to appoint a receiver was not subject to the statutory licensing requirements and therefore gave the Receiver the "powers and duties" to "manage, operate, maintain, repair, and otherwise control the [businesses] as necessary to preserve [them]," even though the Receiver did not have the licenses required by either the Colorado Medical Marijuana Code or the Colorado Retail Marijuana Code.[5]　The court reasoned that its power to appoint a receiver trumped the laws requiring persons operating marijuana businesses to be licensed.　Because the court's power to appoint receivers for marijuana businesses is not in conflict with the licensing laws, we reject this argument.　As well, "it is not an appropriate function of the court to act as a licensing agency," *Kourlis*, 930 P.2d at 1337, and undertake the

---

[5] Wife argues that the receivership order does not give control of the businesses to the Receiver because the businesses remain in the possession of the court.　We disagree because this misperceives the actual relationship between the court and the Receiver.　The receivership order grants plenary authority to the Receiver to operate the marijuana businesses.　The suggestion that the Receiver must ask the court for approval before making every decision regarding the operation of the marijuana businesses is unsupported.

agency's role in determining who may operate marijuana businesses.

¶ 16    Wife argues that receivers are exempt from holding the statutorily prescribed licenses to operate marijuana businesses because receivers are "governmental organizations" and not "persons" under either the Colorado Medical Marijuana Code or the Colorado Retail Marijuana Code.  We disagree.  A receiver "is an officer of [the] court, appointed by the court, directed by the court, and paid by the court from the funds in the court.  He is in no sense an agent or employee or officer of the United States." *Cromelin v. United States*, 177 F.2d 275, 277 (5th Cir. 1949), *superseded by statute on other grounds as stated in Bell v. Thornburg*, 743 F.3d 84, (5th Cir. 2014).

¶ 17    Further, contrary to the arguments made by both Wife and the Receiver, requiring courts to appoint receivers who comply with Colorado's marijuana licensing laws does not impermissibly limit courts' equitable powers and prohibit them from appointing receivers to operate marijuana businesses.  This requirement

merely obligates courts, like everyone else, to comply with the law in appointing such receivers.[6]

¶ 18    Wife and the Receiver also make numerous policy arguments against requiring courts to appoint receivers who comply with Colorado's marijuana licensing laws. We do not address these arguments because the language of the Colorado Medical Marijuana Code and the Colorado Retail Marijuana Code unambiguously requires a person operating a marijuana business to be licensed. *See* §§ 12-43.3-313(3); 12-43.4-312(2).[7] "When a statute is unambiguous, public policy considerations beyond the statute's plain language have no place in its interpretation." *Samuel J. Stoorman & Assocs., P.C. v. Dixon*, 2017 CO 42, ¶ 11.

---

[6] Neither Wife nor the Receiver contends that it is impossible to find receivers who are licensed under the marijuana licensing laws. The SLA represents to us that district courts *have appointed* licensed receivers for other marijuana businesses. At oral argument, the Receiver acknowledged that it does not base its arguments for affirmance on a claim that it is impossible to appoint receivers that have the appropriate licenses for marijuana businesses.

[7] We acknowledge that the Colorado Liquor Code provides for temporary licenses when receivers are appointed. § 12-47-303(5), C.R.S. 2017. No such provision appears in either the Medical or Retail Marijuana Code. Nevertheless, we reject the parties' reliance on this provision (or its absence) because it does not affect the district court's obligation to follow the law when appointing receivers for marijuana businesses.

¶ 19     Thus, we hold that the district court may only appoint a receiver who complies with Colorado's marijuana licensing laws.

### III.     Conclusion

¶ 20     The district court's order appointing the Receiver is reversed, and the court is instructed to vacate the order and terminate the appointment of the existing Receiver, unless, as of the date of the issuance of the mandate of this court, the Receiver has obtained the necessary licenses. The district court, in the exercise of its discretion, may appoint a substitute receiver who complies with the licensing requirements of the Colorado Medical Marijuana and Retail Marijuana Codes.

JUDGE BERNARD and JUDGE FREYRE concur.